# Chandler *versus* The Commerce Fire Insurance Company of New York.

| 88 | 223 |
|----|-----|
| 162 | 296 |
| 88 | 223 |
| 174 | 444 |
| 88 | 223 |
| 198 | 352 |

1. Whether there is any evidence of a fact which ought to be submitted to the jury, is a question of law, which may be reserved; but whether the evidence is sufficient, is a question of fact which cannot be reserved. Wilde *v.* Trainor, 9 P. F. Smith 439, followed.

2. A policy of insurance provided, that if the premises were vacant at the time of the fire, the policy should be void. In an action upon the policy for a loss, the assured testified, that his son was occupying the house, keeping bachelor's hall, and the son testified, he occupied the house after his father moved, but was not at home the night of the fire. Two witnesses for defendant testified, that they had seen no signs of life in the house for several weeks before the fire. The court reserved the question whether there was sufficient evidence that the house was unoccupied. The verdict was for plaintiff, and the court afterwards entered judgment for the defendant on the reserved point, *non obstante veredicto. Held*, that this was error; that certainly there was a question of fact for the jury, and the court had no right to withdraw the case from them by such a reservation.

3. A condition of a policy of insurance provided, that the assured at the time the insurance was effected should have the "entire, unconditional and sole ownership of the property." The assured had the equitable ownership of the property, subject to the payment of the purchase-money. *Held*, that he had such an ownership as entitled him to recover upon the policy: Insurance Co. *v.* Wilgus, *ante* 107, followed.

4. A. made a contract with B. for the purchase of a lot of ground. A. subsequently assigned this contract, a small balance of the purchase-money remaining unpaid, to C. The latter at the same time made a declaration in writing, that he held said assignment as security for a debt and for future advances. *Held*, that this assignment of the contract did not deprive A. of such ownership of the property as would preclude him from recovery on a policy containing this "entire, unconditional and sole ownership" clause.

5. The insurance company alleged that the plaintiff's proof of loss did not contain a particular account thereof. The property insured was a frame dwelling-house; the account of loss was, that the property insured was totally destroyed by fire. *Held*, that this account under the circumstances could not have been more particular, and at all events it was prima facie sufficient, and if the schedules and papers annexed to the affidavit of loss were insufficient, it was incumbent upon the defendant to produce them.

6. Where a verdict was rendered in favor of the plaintiff, subject to the opinion of the court on a point reserved, on which the court afterwards entered judgment for the defendant *non obstante veredicto*, and the Supreme Court on error reverses the judgment, the latter court may enter judgment for the plaintiff.

[Chandler *v.* Commerce Fire Ins. Co.]

November 25th 1878.  Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Trunkey, JJ.  Woodward, J., absent.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1877, No. 12.

Assumpsit by G. H. Chandler against the Commerce Fire Insurance Company of New York.

On the 1st of October 1869, the plaintiff, George H. Chandler, made a contract.with Joseph L. Chase and wife for the purchase of a lot of land in the city of Titusville, sixty feet on Elm street, by one hundred and eighty feet on Monroe street for $600 and the taxes, $120, to be paid 1st of May 1870, and $120 annually, on the 1st of October thereafter, with interest at the date of each payment.  The last payment came due 1st October 1873.  September 29th 1870, Chase and wife received on said contract $210, and conveyed, with plaintiff's consent, to Amanda D. Birdsall forty by sixty feet, being the north end of the lot.  April 15th 1871, Chase and wife received on said contract $200, and conveyed, with plaintiff's consent, to John K. Peterson forty feet next adjoining lot conveyed to Birdsall, so that April 15th 1871, there remained unpaid only $190 of the purchase-money, and plaintiff had remaining the lot sixty by one hundred feet.

On December 17th 1870, plaintiff assigned said contract to Gurdon S. Berry.  This assignment was unqualified in terms as endorsed on contract, but at the same date Berry made and delivered an agreement or certificate to the effect that he held the assignment as security for a balance of account, stated as $75 due Berry, more or less ; as further collateral security for any risks assumed by Berry in the postponement of claims due from plaintiff to others, in the event of Berry paying the same ; and as further collateral and continuing security for any sums Berry might be thereafter called upon or induced to advance for plaintiff or his family.  There was no evidence that after that date Berry ever assumed any risk or liability or advanced any money whatever for plaintiff, directly or indirectly.  On April 19th 1872, plaintiff procured of the defendant the policy of insurance upon which this action is brought, by which defendant, for a premium of $10, insured the frame dwelling-house upon the remainder of the lot above mentioned for a period of one year, in the sum of $1000.  From the time of insurance down to a few days before the fire the house was occupied by tenants.  When they moved out plaintiff's son remained in occupancy with a lot of plaintiff's goods.  The fire occurred on the 30th of June, the house being totally destroyed.  Due notice was given defendant's agent, and August 19th, within the sixty days provided by the policy, proofs of loss were made out and sworn to before a notary and forwarded to the defendant.  No objection or exception was made or taken by the defendant to the character or sufficiency of the proofs of loss.  These proofs came to hands of defendant August 22d 1872, as is

[Chandler *v.* Commerce Fire Ins. Co.]

shown by the office stamp thereon in these words: "Commerce Fire Ins. Co., August 22d 1872, N. Y."

On July 3d 1872, after the house was burned, plaintiff gave Berry a power of attorney to sell the remainder of the lot as above. September 27th, Berry, in his own behalf and as attorney in fact for plaintiff, made an assignment of all their interest in the old contract from Chase, and the lot to A. J. Fox for $1000, and authorized Chase to make conveyance to Fox. Said $1000 was to be paid by Fox by discharge of certain liens and claims against the property, amounting in the aggregate to $322.98, which included $89.59 for a mechanic's lien held by Fox himself; he was to pay $261.89 balance purchase-money to Chase. Fox did pay to Berry at the time of assignment $413.89; $263.89 by surrender of Berry's overdue note to him, and $150 in two checks. Before receiving the power of attorney above mentioned, Berry never had nor claimed to exercise any control over the property in question. October 18th 1872, Berry gave plaintiff his judgment-bond for $1000, conditioned to pay and clear from record all liens against the real estate in question, estimated at that date at $587; the remaining $413, after receipting Chandler's indebtedness, to be paid in four equal payments, at intervals of sixty days, with interest. This bond was satisfied June 27th 1873. October 22d 1872, Chase and wife conveyed to Fox, as shown by receipt of latter's attorney, endorsed upon the original contract. This action was begun April 15th 1873. It was tried January 22d 1875, and the jury rendered a verdict for plaintiff for $1140.41, subject to the opinion of the court on certain points presented by defendant and reserved.

May 19th 1875, the case was heard on the reserved points, being Nos. 2, 4, 5, 7, 8, 9, and June 7th, the court decided the same in favor of the defendant, and rendered judgment in his favor *non obstante veredicto*, to which plaintiff excepted.

These points, and the manner in which they were reserved by the court, Lowrie, P. J., will be seen by the following specifications of error by Chandler, who took this writ.

1. The court erred in the answer to defendant's second point, which was as follows:

If plaintiff's premises became vacant or unoccupied by tenants, or a change of use of the same took place after the issuing of the policy in this case, and such vacancy, unoccupation or change remained for three or four weeks prior to and at the time of the loss, without the consent of the company endorsed on the policy, the policy was rendered void and plaintiff cannot recover in this suit.

Ans. "Affirmed. Reserving, as with point No. 8, whether there is sufficient evidence of such vacancy or change of use. If not, judgment to be for defendant." Reserved point decided in favor of defendant.

[Chandler *v.* Commerce Fire Ins. Co.]

2. In the answer to defendant's fourth point, as follows :

If, at the time of the issuing of the policy, the interest of the plaintiff in the property was other than the entire, unconditional and sole ownership thereof, and the same was not truthfully represented to the company, and so expressed in the written part of the policy, the policy is void and plaintiff cannot recover.

Ans. "Affirmed. Reserving the question of the sufficiency of the evidence to show such an interest. If not, then judgment for the defendant." Reserved point decided in favor of defendant.

3. In the answer to defendant's fifth point, as follows :

The assignment of the Chase contract by plaintiff to Gurdon S. Berry, under date of 17th December 1870, including the land described therein, and the appurtenances, deprived the plaintiff of the entire, unconditional and sole ownership thereof, and unless the true facts were represented to the company and expressed in the written part of the policy, at the time of the issuing thereof, the policy was void and plaintiff cannot recover in this suit.

Ans. "Reserved with the foregoing point No. 4." Reserved point decided in favor of the defendant.

4. In the answer to defendant's seventh point, as follows :

The proofs of loss furnished by plaintiff in this case to the defendant do not contain such a particular account of the loss, or such an account of the interest of the insured or the true owner in the premises, as is required by the terms of the policy, and unless the neglect of the insured to state the same accurately, has been waived by the defendant, the plaintiff cannot recover in this suit.

Ans. "Reserved. If not sufficient, then judgment to be for defendant." Reserved point decided in favor of defendant.

5. In the answer to defendant's eighth point, as follows :

Under all the evidence in this case, the premises were vacant and unoccupied at the time of the fire, under the definitions of these words as given in the policy, and at the time of the fire the insurance was suspended, and the plaintiff cannot recover.

Ans. "Reserved. Is there sufficient evidence of such vacancy? If so, then judgment to be for defendant." Reserved point decided in favor of defendant.

6. In the answer to defendant's ninth point, as follows :

The proofs of loss furnished to defendant are not sufficient to enable plaintiff to recover.

Ans. "Reserved. If not, then judgment to be for defendant." Reserved point decided in favor of defendant.

7. The court erred in rendering judgment for defendant *non-obstante veredicto.*

8. The court erred in not rendering judgment in favor of the plaintiff upon the verdict for the sum of $1140.

*Guthrie & Byles,* for plaintiff in error.—By the affirmance

[Chandler v. Commerce Fire Ins. Co.]

of the defendant's points, the plaintiff was deprived of the expression of the jury as to the facts, as the court, in effect, said there were no facts for the jury. In view of the evidence, this was an extraordinary and dangerous proceeding. The sufficiency of the evidence could not be reserved in the manner it was by the court.

By affirming the defendant's eighth point, the judge left aside entirely the question of tenancy and himself held that the premises were vacant and unoccupied at the time of the fire, under the definition of these words as given in the policy, and that at the time of the fire, the insurance was suspended and plaintiff could not recover. The only evidence before the court and jury proved that the tenants had left the house a few days before the fire, but that it was at the time occupied by plaintiff's son and by his household goods, and to be occupied by tenants again on the next Monday. The fact was for the jury, and they must have found for the plaintiff that the house was occupied, not vacant: Grant v. Howard Insurance Co., 5 Hill 10; McEnally v. Somerset County Mutual Insurance Co., 2 Pittsburgh Rep. 189; Power v. City Fire Insurance Co., 8 Phila. 566.

The ownership of the property by plaintiff was of such character as to entitle him to recover upon the policy: Perry County Insurance Co. v. Stewart, 7 Harris 45; Insurance Co. v. Updegraff, 9 Id. 513; Reed v. Lukens, 8 Wright 200; Hill v. Cumberland Valley Mutual Protection Co., 9 P. F. Smith 474; Holbrook v. Am. Ins. Co., 1 C. C. Rep. 193; Wood v. N. W. Insurance Co., 46 N. Y. 421; 2 Am. Leading Cases 618, and cases cited; Columbia Insurance Co. v. Cooper, 14 Wright 331.

The question as to the sufficiency of the proofs of loss should have been submitted to the jury: Lycoming County Mutual Insurance Co. v. Schollenberger, 8 Wright 259; Talcot v. Insurance Co., 2 Johns. 136.

*Alfred G. Church*, for defendant in error.—The assignment of plaintiff to Berry of date December 17th 1870, and the defeasance from the latter to the former, which expired June 1st 1871, created an encumbrance in law? Was not the undisputed fact, that the purchase-money was not paid to Chase and wife, the plaintiff's vendors, until September 27th 1872, three months after the fire occurred, an encumbrance in law sufficient to defeat plaintiff's recovery on the policy?

The fourth clause of the policy of insurance says that "if the interest of the assured in the property be other than the entire, unconditional and sole ownership of the property, * * * it must be so represented to the company and so expressed in the written part of this policy; otherwise the policy shall be void."

Plaintiff had no insurable interest: Reynolds v. State Mutual Insurance Co., 2 Grant 329; Sweeny v. Franklin Fire Insurance

[Chandler *v.* Commerce Fire Ins. Co.]

Co., 8 Harris 342; Columbia Insurance Co. *v.* Lawrence, 2 Pet. 25, 46–50; Same case, 10 Id. 515; Carpenter *v.* Providence Washington Insurance Co., 16 Id. 505; Hinman *v.* Hartford Fire Insurance Co., 14 Am. L. Reg., N. S. 321; Graves *v.* Boston Mutual Insurance Co., 2 Cranch 419; May on Insurance 270.

The house was not occupied: Harrison *v.* City Fire Insurance Co., 9 Allen 231; Frisbie *v.* Fayette Insurance Co., 3 Casey 327. The question of preliminary proof, whether sufficient or not, is for the court and not for the jury. Klein *v.* Franklin Insurance Co., 1 Harris 247; Commonwealth Insurance Co. *v.* Sennett et al., 5 Wright 161.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1879.

The several reservations in this case were contrary to a well-settled rule on that subject. They were without exception of the sufficiency of the evidence. Whether there is any evidence of a fact which ought to be submitted to the jury is a question of law which may be reserved; but whether the evidence is sufficient is a question of fact which cannot be reserved: Wilde *v.* Trainor, 9 P. F. Smith 439. The first specification of error is to the judgment of the court below upon the reservation of the defendants' second point, which was substantially the same as the eighth point and fifth specification, whether there was sufficient evidence that the premises were vacant and unoccupied at the time of the fire. Though the jury found for the plaintiff, judgment for the defendants was entered *non obstante veredicto*. The plaintiff testified, "my son was occupying it, keeping bachelor's hall." The son testified that he occupied the house after his father moved, but was not at home the night of the fire. There were indeed two witnesses examined on the part of the defendants, who said that they saw no signs of life about the house for several weeks before the fire. Here was certainly a question of fact for the jury, something more than a scintilla, and the court had no right to withdraw the case from that tribunal by such a reservation. An occasional absence for a single night, even though it should so chance as to be the night of the fire, would certainly not make it a vacant or unoccupied house.

The second specification of error is to the judgment upon the defendants' fourth point reserved, which was in substance the same as the fifth, complained of in the third specification. The judgment denies the plaintiff's right to recover on the ground of want of title under the terms of the policy. If the court meant to hold broadly that because the interest of the plaintiff was equitable, subject to the payment of a balance of purchase-money, it was not the entire, unconditional and sole ownership of the property, it was an error, as has just been decided in the Insurance Company *v.* Wilgus, ante 107. There was in this policy, as in those cases, no con-

[Chandler *v.* Commerce Fire Ins. Co.]

dition requiring a disclosure of encumbrances. But if it was meant to decide that the assignment of the Chase contract by the plaintiff to Berry deprived him of such ownership, it was equally wrong. The declaration of Berry as to that assignment was in evidence, in writing, and made it a mortgage merely, held as collateral security for a debt then owing to him and for further advances, and the power of sale did not change its character. The provision of the policy is, " When property has been sold and delivered, or otherwise disposed of, so that all interest or liability on the part of the assured herein named has ceased, this insurance on such property shall immediately terminate." It is clear then, we think, that the judgment for defendants on these two points, *non obstante veredicto,* was wrong.

The fourth specification of error is to the judgment on the reservation of the defendants' seventh point. This is based upon the alleged insufficiency of the account of the loss furnished by the plaintiff to the defendants. The property insured was a two-and-a-half story frame dwelling-house. The account of loss was that the property insured was totally destroyed by the fire. It is not easy to see how the account under the circumstances could have been more particular. At all events, it was prima facie sufficient. If the schedules and papers annexed to the affidavit were insufficient, it was incumbent on the defendants to produce them. The same question was raised by the answer to the ninth point of the defendants, upon which there was a similar reservation and judgment.

Judgment reversed, and *venire facias de novo* awarded.

On January 29th 1879, *Thomas Hart, Jr.,* Esq., obtained a rule to show cause why the above judgment, to wit, " Judgment reversed and *venire facias de novo* awarded," should not be modified so as to be " Judgment reversed, and now, February 1879, judgment is entered for the plaintiff in error, and below upon the verdict."

On February 8th 1879, the rule was argued by *Thomas Hart, Jr.,* and *C. B. Guthrie,* for plaintiff, who contended that where a verdict was rendered in favor of plaintiff subject to the opinion of the court on a point reserved on which the court afterwards entered judgment for the defendant, the Supreme Court in reversing the judgment, may enter judgment for the plaintiff, and cited the following authorities: Klett *v.* Claridge, 7 Casey 106; Swearingen *v.* Pendleton, 4 S. & R. 396; Harper *v.* Keely, 5 Harris 234; Savage *v.* Everman, 20 P. F. Smith 315; Stephens *v.* Cowan, 6 Watts 511.

*George Biddle,* for defendant.

On February 10th 1879, the Supreme Court made the rule absolute.