IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1885.

## Keifer *versus* Township of Eldred.

Where the trial judge reserves a question of law, the record must show the specific facts on which the law is so reserved. If, after a proper reservation of a question of law upon specific facts, the judge submits other facts material to the same issue to the jury to find, he cannot enter a judgment on the reserved point *non obstante veredicto*.

April 23d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term 1885, No. 293.

This was an action on the case, by Martin W. Keifer against the township of Eldred, to recover damages for the loss of a colt, caused by negligence of the defendant in not keeping in repair and safe condition a bridge on a public road.

On the trial, before PERSHING, P. J., the defendant presented the following point :

1. That under the uncontradicted testimony in this case the plaintiff was guilty of contributory negligence in allowing his cattle to run at large on the highway, and on this bridge, and therefore cannot recover in this action.

Answer—It is a rule of law that where a party claims damages in a case of this kind, a charge of negligence, if his own conduct has contributed to the injury, he cannot recover. It

14 OUTERIDGE—1

is not material to what extent his negligence has contributed. If he is also negligent, and his negligence has contributed to the infliction of the injury upon his person or upon his property, he cannot recover. We will leave to you the question as a question of fact, whether Keifer in this instance was guilty of contributory negligence, whether his own action in allowing his horses to cross this bridge without anybody having them in charge, as would appear was the custom—for them to cross that bridge to get to the water—was negligence on his part, which contributed to bring about this accident. If it was so, then he could not recover. Therefore, we will negative this point. In doing so, I refuse to take the case from your consideration.

I will reserve the question of law raised by it to be disposed of by rule for judgment *non obstante veredicto*, if that should be necessary.

In the general charge the court submitted the evidence in the cause to the jury, and said, inter alia: "Did the plaintiff lose this animal in consequence of the negligence of the township in not making proper repairs to this bridge? Or, is the theory of the defence correct, that the colt could not have fallen through that hole, or that the bridge was perfectly safe, and, therefore, that there was no negligence? In the one case you will find for the plaintiff, and in the other you will find for the defendant. If you find for the plaintiff, that he lost his property in consequence of the negligence of the township, that they failed to make repairs there which they should have made, which the supervisor should have made, in order to render this bridge safe, then the next question you would have to dispose of would be the amount of damages to which he is entitled."

Verdict and judgment for the plaintiff for $150, subject to the point reserved.

Subsequently the court entered judgment on the point reserved, for the defendant *non obstante veredicto*. The plaintiff took this writ, and assigned for error that "The court erred in entering judgment for the defendant *non obstante veredicto*, as there was no question of law reserved upon any fact agreed to by the parties or ascertained by the verdict."

*James B. Reilly* and *M. M. L'Velle*, for the plaintiff in error.

*N. Heblich* and *W. A. Marr*, for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, May 11th, 1885.

To authorize the entering of a judgment *non obstante vere-*

[Taylor v. Saurman.]

*dicto*, the record must show distinctly what point is reserved : Miller *v.* Bedford, 5 Norris, 454; Patton *v.* Railway Co., 15 Id., 169.   While the question reserved must be one of law only. yet the record must show the specific fact or facts on which the law is reserved.   The reservation cannot be on the whole case.   Whether there is any evidence of a fact which ought to be submitted to the jury, is a question of law which may be reserved; but whether the evidence be sufficient to justify the finding is a question of fact which cannot be reserved.   Nor can questions of law mingled with questions of fact be reserved: Wilde *v.* Trainor, 9 P. F. S., 439; Chandler *v.* Commerce Fire Ins. Co., 7 Norris, 223.   The judge cannot himself draw conclusions of fact from the evidence and enter judgment thereon *non obstante veredicto.*

Nor if after a proper reservation on certain facts the judge submits other facts to the jury to find, can he enter judgment against the party in whose favor the jury find.

In the present case after stating in his general charge the question of law which he will reserve, he proceeds at considerable length to discuss and present to the consideration of the jury the theory of the defence and the condition and state of repair of the bridge, and finally says to the jury "if you find that the plaintiff has a right to recover on the grounds that I have already stated to you, then you must assess his damages." We are not able to determine whether the jury rendered their verdict on the facts of which the question of law was reserved, or whether they rendered it on the other facts which were submitted to them to find.   This uncertainty is fatal to the reservation, and the learned judge erred in entering judgment *non obstante veredicto*, therefore—

Judgment reversed and now, 11th May, 1885, judgment is hereby entered on the verdict in favor of the plaintiff in error.