William H. Yerkes, Agent, Appellant, v. Martha W. Richards and Anna R. Richards, Trustees under the Will of John Richards, Deceased.

*Practice, C. P.—Reservation of question of law.*

When a verdict is taken subject to the opinion of the court upon points reserved, the facts should be distinctly stated, as well as the question raised upon them; and the judgment, to be pronounced upon the solution of the questions of law thus reserved, should also be specified, as in a case stated.

A reservation of " the question whether there is any evidence in this case to be submitted to the jury upon which the plaintiff is entitled to recover," is not a proper reservation of a question of law.

*Contracts—Mutuality—Married women—Equity.*

Where there are mutual covenants stipulating reciprocal benefits in an executory contract, and the grantee, a married woman under disability, has not signed the contract, but has performed her part of it, equity will compel performance on the part of the other.

*Option to buy land—Married women.*

An agreement by which the owner of land gives to a married woman the right to buy land on or before a certain day, and declares that if the option be not exercised there shall be no right of action against her, does not lack mutuality in the sense of equality of benefit, although such contract is signed by the grantor alone.

*Vendor and vendee—Option to purchase land—Evidence—Question for the jury.*

In an action to·recover damages for refusal to comply with n option to sell land, where th evidence for the plaintiff, though contradicted, tends to show that the option was obtained in entire good faith, and that a tender was made, and a conveyance of the property demanded in accordance with the terms of the agreement, the case is for the jury.

*Trusts and trustees—Damages for breach of agreement to sell land—Substituted trustee.*

Where a testamentary trustee forecloses a mortgage belonging to the trust estate, buys the property in for the estate, subsequently agrees to sell the property, and then refuses to carry out his agreement with the grantee, sells it to another·person at a higher price, damages may be recovered by the grantee for the breach of the agreement from a trustee substituted in the place of the original trustee.·

Argued Feb. 5, 1895.   Appeal, No. 58, Jan. T., 1895, by defendants, from judgment of C. P. Montgomery Co., June T., 1894, No. 352, for defendants non obstante veredicto.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Assumpsit to recover damages for breach of an agreement to sell real estate.   Before SWARTZ, P. J.

At the trial it appeared that William W. Richards, executor of John Richards, deceased, made an agreement with William H. Yerkes, agent, for the sale of a tract of land in Upper Merion township.   The agreement gave Mr. Yerkes, or his principal, an option to buy the premises at $5,400.   This option was to expire on January 1, 1891.   On September 8, 1890, William W. Richards, as trustee under the will of said John Richards, deceased, sold said premises to Samuel W. Moore for $6,000.   The legatees under the will of John Richards joined in this deed.

A few days after this conveyance the plaintiff elected to take a deed for the premises under the terms of his option, and tendered the consideration money as in his agreement provided.

The executor, William W. Richards, died, and his death was suggested on the record.   Martha W. and Anna R. Richards succeeded to the trust under the will of John Richards by appointment of the orphans' court.   They were substituted as defendants in place of said William W. Richards, executor of John Richards.   William H. Yerkes testified that he bought the property as agent for his wife, Emily Irene Yerkes.

Other facts appear by the opinion of the Supreme Court.

After the charge the court made the following entry upon the record : " I reserve the question whether there is any evidence in this case to be submitted to the jury upon which the plaintiff is entitled to recover."

Verdict for plaintiff for $360.

The court subsequently in an opinion by SWARTZ, P. J., entered judgment for defendant, on the question reserved, non obstante veredicto.   Plaintiff appealed.

*Errors assigned* were, (1) that the question of law was improperly reserved ; (2) in entering judgment for defendant non obstante veredicto.

*Joseph Mellors* and *J. P. Hale Jenkins,* for appellant.—There was no proper reservation of a question of Law : Edmonson v. Nichols, 22 Pa. 79 ; Clark v. Wilder, 25 Pa. 314 ; Irwin v. Wickersham, 25 Pa. 316 ; Wilson v. Steamboat Tuscarora, 25 Pa. 318 ; Winchester v. Bennet & Davis, 54 Pa. 510.

A contract for the sale of lands made by an agent may be ratified by a trustee or executor with full knowledge of the facts, so as to bind the estate, provided the ratification be in writing : Newton v. Brownson, 3 Kern. 587.

A trustee with power to sell (which Richards had) has the complete power of disposition over the trust estate, and he may compel a purchaser to complete his contract without joining the cestui que trust as parties to a suit for specific performance: Binks v. Rakeby, 2 Mad. 227 ; Drayson v. Pocock, 4 Sim. 283.

In Pennsylvania a power to sell real estate given to executors by will passes the interest in the property to them as fully as if devised to them to be sold : Shippen v. Clapp, 36 Pa. 89 ; Shippen's Heirs v. Clapp, 29 Pa. 265 ; act of Feb. 24, 1834, P. L. 62.

Where an executor holds a mortgage or other lien upon land and is obliged to buy the land itself at a judicial sale to save the debt, he takes title to the land as personalty, and his power to dispose of it is the same as that which he had over the mortgage or other debt which the land respresents : Johnson v. Bliss, 11 W. N. C. 293.

And it makes no difference whether the mortgage or other liens originally belonged to the testator or were the result of an investment made by the executor himself : Billington's Est., 3 Rawle, 48 ; Eeslager v. Fisher, 2 Pa. 467.

*N. H. Larzelere, M. M. Gibson* with him, for appellees.—The first assignment of error and all that is said thereon may be dismissed with reference to the case of Newhard v. Penna. R. R., 153 Pa. 418.

An executor is liable on his own contracts and engagements, though made for the benefit of the estate he represents. He is liable in a representative capacity only on the contract of his testator : Fritz v. Thomas, 1 Whart. 71 ; Seip v. Drach, 14 Pa. 352 ; Geyer v. Smith, 1 Dallas, 346 ; Masterson v. Masterson, 5 Rawle, 138 ; Dougherty v. Stephenson, 20 Pa. 214 ; Williamson's App., 94 Pa. 236 ; Hollenback v. Clapp, 103 Pa. 60 ; Fehlinger v. Wood, 134 Pa. 522 ; Oram's Estate, 9 Phila. 358.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895 :

This action was brought against William W. Richards, trustee under the will of his father John Richards, to recover damages for breach of said trustee's written agreement of July 14, 1890, known as an " option," for the sale of a tract of land described therein as containing forty-five and a half acres. The cause has been twice tried in the court below. The result of the first trial is reported in 153 Pa. 646. The facts, so far as they were then developed, were substantially the same as they are now. The statement of claim, reciting the agreement sued on, avers in substance : (1) Willingness and offer to pay, and tender of September 9, 1890 ; (2) refusal of defendant to accept the hand-money, etc., and execute conveyance ; (3) that defendant, in violation of his agreement, and for the purpose of obtaining a greater price, had sold and conveyed the land to Samuel Moore, and (4) that by reason of this breach of con-

tract, on the part of the trustee, the plaintiff had sustained damage, etc. To this statement an affidavit of defense was filed, and non assumpsit pleaded. On the first trial, plaintiff's first and only witness, Wm. H. Yerkes, testified, among other things, that he purchased the property as agent for his wife, Emily Irene Yerkes; and then the agreement in suit was offered in evidence. Defendant objected on the ground that the contract was not mutually obligatory, and because no right of action had been shown in Mrs. Yerkes. The learned trial judge sustained these objections, excluded all evidence of the breach of contract by the defendant trustee and of damages resulting therefrom to the plaintiff, and entered a compulsory nonsuit which he afterwards refused to take off. Plaintiff thereupon appealed and assigned for error the rejection of the agreement, etc., and refusal to take off the judgment of nonsuit. In an opinion, by our brother DEAN, this court, fully considering the questions involved, sustained both assignments of error, reversed the judgment and awarded a procedendo. It was held, among other things: (1) "Where there are mutual covenants stipulating reciprocal benefits in an executory contract, and where one of the parties, a married woman under disability, has performed her part of the contract, equity will compel performance on the part of the other;" and (2) "An agreement by which the owner of land gives to another the right to buy the land on or before a certain day, and declares that if the option is not exercised there shall be no right of action against the person to whom the option is given, does not lack mutuality in the sense of equality of benefit. Nor, where such a contract is signed by the grantor alone and the person in whose favor the option is made is a married woman, is there any want of mutuality in the remedy."

The trustee defendant having died before the case was again called for trial, his successors in the trust, appointed by the orphans' court, were substituted as defendants. On the second trial, testimony which the plaintiff was prevented from introducing before was received, and the defendants were not only permitted to introduce rebutting evidence, but also testimony for the purpose of showing that the beneficial plaintiff's agent, Mr. Yerkes, had acted in bad faith in procuring the option from the original defendant, etc. The case was fairly

submitted to the jury upon all the questions of fact presented by the testimony.  In affirming plaintiff's first point, the learned trial judge instructed them in the language thereof: "If the vendor has not acted in good faith the vendee (if he is entitled to recover anything) can recover for the loss of his bargain.  That is, he is entitled to the difference between the sum agreed upon and the market value of the land at the time of the breach of contract."  Again, in affirming plaintiff's third point he instructed the jury thus: "If the jury find for the plaintiff, their verdict should be for the difference between the price to be paid for the property and the market value of it at the time the contract was broken, and this value you will have to make up from the testimony of the witnesses in the case."

The verdict for plaintiff, rendered under the foregoing and similar instructions in the general charge, is of course predicated of the jury's findings of the main facts in her favor, and of their failure to find that fraud was practiced in the procurement of the option.  In other words, the jury must have found that the option was obtained in entire good faith; that the alleged tender was made, and conveyance of the property demanded in accordance with the terms of the agreement; that the testamentary trustee not only refused to comply with the contract, but, for the purpose of realizing a higher price, conveyed the property to another party and thus put it out of his power to perform, etc.

If judgment had been entered on the verdict thus rendered in favor of the plaintiff, the result, as well as the course of trial, would have been in harmony with the views expressed in the opinion above referred to ; but, after fairly submitting the case to the jury on all the evidence before them, the learned judge noted on the record a reservation of " the question whether there is any evidence in this case to be submitted to the jury upon which the plaintiff is entitled to recover."  Afterwards, upon consideration of this question, he entered judgment for the defendants non obstante veredicto.  To this, it is objected in the only assignments of error before us, (1) That as expressed the reservation does "not present such a 'point reserved' as would authorize the court to enter judgment for defendants non obstante veredicto," and (2) "That the court erred in entering judgment for defendants below non obstante veredicto."

Adherence to the rule long since established and recognized in many of our cases, would require us to sustain the first specification, at least on technical grounds.

In Edmonson v. Nichols, 22 Pa. 79, it was said : " We are frequently embarrassed by the imperfect manner in which points are reserved by the court below. When a verdict is taken subject to the opinion of the court upon points reserved, the facts should be distinctly stated, as well as the questions raised upon them ; and the judgment to be pronounced upon the solution of the questions of law thus reserved, should also be specified, as in a case stated." To the same effect are Clark v. Wilder, 25 Pa. 314 ; Irwin v. Wickersham, 25 Pa. 316 ; Wilson v. Steamboat Tuscarora, 25 Pa. 318 ; Winchester v. Bennett, 54 Pa. 510, and other cases. In Clark v. Wilder, supra, it was said : " When we look at the record, we find no point reserved. The verdict was given, subject to the opinion of the court, on the whole case, whether the plaintiffs were entitled to recover. It is impossible for the human imagination to conceive of anything more unlike a point." In cases where it is evident that no injustice has been done, the temptation to relax the rule is so great that it has been too frequently done ; but this is not a case in which there should be any departure from the established rule. The case depended on questions of fact which were for the exclusive consideration of the jury ; and, upon the facts as they must have been found by the jury, the plaintiff was entitled to judgment. That was sufficiently indicated by this court when the case was here before.

Under the provisions of his father's will, the original defendant, William W. Richards, occupied the dual relation of executor and trustee. In his capacity as testamentary trustee he was required to invest, by bond and mortgage in good unincumbered real estate, a certain sum, the interest of which he was required to collect and pay to testator's widow during her life. Upon her decease he was authorized to receive the interest to his own use for life ; and at his decease the corpus of the trust was to be distributed among his children then living, etc. In the execution of said trust, he accordingly invested part of the fund in a mortgage of the land described in the contract in suit. When the mortgaged premises were put to sale on foreclosure proceedings, he found it necessary, for the protection of the

trust fund, to bid in the property, and he accordingly did so. He thus became clothed with the legal title to the land which for the time being represented part of the corpus of the trust. For the purpose of reinvesting as contemplated by the testator, it was necessary for him to sell, and accordingly he executed the option contract in suit. There cannot be any question, either as to his authority or his duty to do this. It was unnecessary for him to ask the court for authority to sell. Nor do we think there can be any doubt as to his liability, in his official capacity as testamentary trustee, for a breach of that contract in refusing to convey to the plaintiff according to the terms thereof.

The six hundred dollars, additional consideration money which he received by conveying the land to another party, enured not to his individual benefit, but to the benefit of the trust fund in his hands; and if, as the jury found, the plaintiff was damaged to the extent of three hundred and sixty ($360) dollars, it is certainly neither inequitable nor unjust that the substituted trustees should be required to pay the same out of the trust fund. The authorities relied on by the defendants are not applicable to the facts of this case. In the transactions out of which this suit arose, the original defendant acted not as executor of his father's estate, but in his capacity as testamentary trustee clothed with the duty of investing and reinvesting a trust fund. Acting within the scope of his authority as such trustee he made the contract in question, and neither he nor the substituted trustees should be permitted to repudiate it. On the merits, therefore, and aside from any technical irregularity or insufficiency of the reserved question, the judgment for defendants should be reversed.

Judgment reversed, and judgment is now entered on the verdict in favor of the plaintiff for three hundred and sixty dollars found by the jury with interest from the date of the verdict, to be paid by the substituted trustees out of the trust fund.