## J. P. Wolf *v.* W. M. Jacobs, doing business as W. M. Jacobs & Co., Appellant.

*Practice, C. P.—Improper reservation of question of law—Appeal.*

It is error where the trial judge attempts to reserve facts, law and answers to written requests for instructions presented on behalf of each party. Such action renders it impossible for the appellate court to know from the record what question the court intended to reserve.

Syllabus—Statement of Facts.

*Reserved point—Under all the evidence.*

The court cannot withdraw the decision of the facts from the jury, by reserving as a point, whether under all the evidence in the case the plaintiff is entitled to recover, unless the essential facts are undisputed or where they are to be determined by the court upon mere inspection of a writing in evidence. Whether the evidence is sufficient is a question of fact which cannot be reserved.

*Appeal—Exception to entry of judgment—Reserved points.*

Where the only action of the court complained of is entry of judgment on a verdict for a definite sum there is no error in the entry of judgment unless upon some one of the questions of law reserved the court would have been warranted in entering judgment for the defendant non obstante veredicto.

*Bad reservation of question of law—Conflicting points and presumptions—Practice, C. P.*

All points having been reserved they stand upon an equal footing and the recitals of facts contained therein must be taken as true in determining the right to judgment under the reservation, and where the court reserves a number of points containing recitals of facts and the recitals in some of the points are not reconcilable with those contained in others, so that upon some of the questions reserved the plaintiff would be entitled to judgment, and upon others judgment ought to be entered for defendant non obstante veredicto the whole reservation is bad and under it no judgment can be sustained.

*Promissory notes—Delay in notice of protest.*

The court having reserved all points presented by both parties, and among them a point of the defendant to the effect that notice of protest had been withheld by plaintiff for three days, it was error to enter judgment on a verdict for plaintiff subject to a point of law reserved.

Argued Nov. 17, 1898. Appeal, No. 81, Oct. T., 1898, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1896, No. 53, on verdict for plaintiff. Before Rice, P. J., Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Reversed. Opinion by W. D. Porter, J.

Assumpsit. Before Brubaker, J.

It appears from the record that plaintiff brought suit against the defendant, a prior indorser, on a promissory note. The sole question in controversy at the trial was whether or not the plaintiff had duly notified the defendant of the nonpayment and protest of the note. The court below directed a verdict for plaintiff, reserving certain questions of law, as appears from the following charge:

The testimony that has been adduced in this case is all on one side, and, as the learned counsel on either side have said, it is uncontroverted, and the case stands as if a demurrer had been made to the testimony. The facts adduced here are admitted. The counsel on either side have presented points, on which they ask us to instruct you ; and as we instruct you upon them you are obliged to follow our instructions and render your verdict accordingly. It seems to us to be a very close case, and requires a little more attention than we have been able to give to the question.

I will, therefore, have to instruct you to find in favor of the plaintiff for the amount of the claim with interest, subject to the questions of law which we will reserve ; and if we find we are wrong, after an argument before the court in banc, we will enter judgment in favor of the defendant, notwithstanding the verdict.

### PLAINTIFF'S POINT.

The court is respectfully requested to instruct the jury that, under the law and the undisputed facts in this case, their verdict must be in favor of.the plaintiff for the full amount of the claim, with interest and the costs of protest. *Answer :* This point is reserved.

### DEFENDANT'S POINTS.

The court is respectfully asked to charge the jury as follows :

1. There being no evidence of due and legal notice of protest of the note in suit as to W. M. Jacobs & Company, the defendant, the verdict of the jury must be for the defendant.

2. The plaintiff having failed to prove that he received by indorsement and delivery the note in suit from A. B. Hostetter, the verdict of the jury must be for the defendant.

3. The uncontradicted testimony in the case being that J. P. Wolf, the plaintiff, received the notice of protest on October 16, 1896, and held the same until October 19, 1896, before sending the notice to the defendant, the verdict of the jury must be for the defendant.

4. There being no evidence when the intermediate indorsers received notice of protest, the verdict of the jury must be for the defendant.

5. Under all the evidence in the case, the verdict of the jury must be for the defendant.

54, (1899).]　　　　　Points—Arguments.

We reserve the questions of law on the several points presented by defendant's counsel.

Defendant's counsel moves for judgment non obstante veredicto. Rule granted.

Counsel for the defendant excepts to the charge of the court before verdict rendered, and at his request before verdict rendered, the court instructs the stenographer to write out the notes of trial, the charge of the court and the points of law reserved, and to file them of record.

Verdict for plaintiff for $380.07 upon which the court subsequently entered judgment on the point reserved. Defendant appealed.

*Errors assigned* among others were (2) in entering judgment for plaintiff. (3) Discharging defendant's rule for judgment non obstante veredicto.

*Jno. E. Malone,* for appellant.—It is a well-established principle of law that each person on a note is entitled to but one day within which to give notice: Stephenson v. Dixon, 24 Pa. 148; Cassidy v. Kreamer, 22 W. N. C. 109; Etting v. Schuylkill Bank, 2 Pa. 355; 2 Daniel on Negotiable Instruments (4th ed.), 96, sec. 1044.

Defendant's third point, which was reserved, is "the uncontradicted testimony in the case being that J. P. Wolf, the plaintiff, received the notice of protest on October 16, 1896, and held the same till October 19, 1896, before sending the notice to the defendant, the verdict of the jury must be for the defendant." There was no exception taken by the plaintiff to the reservation of this point, hence the facts in it must be taken to have been conceded by Wolf, the plaintiff. If a reserved point is based upon facts that are not conceded, it is the duty of coun sel to except and thus warn the court of what may be an unintentional mistake: Koons v. Telegraph Co., 102 Pa. 164; Ins. Co. v. Ins. Co., 71 Pa. 31.

If a point of law is reserved it must be done by stating on the record the facts on which it arises: Winchester v. Bennett, 54 Pa. 510; Wilde v. Trainor, 59 Pa. 439.

*J. W. Johnson,* for appellee.—The principles of law applicable to this case are decided in Cassidy v. Kreamer, 22 W. N. C. 109.

OPINION BY W. D. PORTER, J., March 23, 1899:

This was an action brought by an indorser of a negotiable promissory note, who had become the holder thereof, against a prior indorser. The sole question in controversy at the trial was whether, or not, the plaintiff had duly notified the defendant of the nonpayment and protest of the note. The plaintiff testified that he had forwarded the notice of the dishonor of the note by mail on the same day upon which it had been received by him. If this was true, he had done all that the law required of him in order to fix the liability of the defendant. But the plaintiff offered in evidence the affidavit of defense, which explicitly stated that the plaintiff had received the notice of protest on October 16, 1896, and had held it three days, until October 19, before mailing notice to the defendant. The affidavit of defense, having been offered by the plaintiff, was in evidence for all purposes, and if its averments were true the defendant did not have due notice of the dishonor of the note. The question thus presented was a mixed one involving the application of the law to disputed facts. It was for the court to instruct the jury as to how and when the plaintiff was required to give notice to a prior indorser, and it was for the jury to find the facts under the evidence. The court directed the jury to find a verdict in favor of the plaintiff, subject to the questions of law reserved, to which action of the court exception was then and there taken by the defendant. The court subsequently entered judgment in favor of plaintiff upon the verdict. The defendant appealed and assigns for error the entry of judgment in favor of plaintiff. If upon the face of the record the plaintiff was not entitled to have judgment upon the questions reserved by the court then the judgment must be reversed.

The effect of the action of the court was to withdraw the facts entirely from the jury. If the facts were not in dispute the parties might have agreed upon them and put their admissions in writing upon the record, or if the court had stated the facts, upon which the questions of law were reserved, in the record, the parties would, in the absence of any exception, be held bound by the recital in the record. In either of these ways we would have had before us something definite to be determined, but when the whole subject is handed over to the court, with nothing decided, the case is in the same condition it was before

the jury was called. We have in this record no finding or statement of facts whatever, nor is there any proper statement of the question of law which the court attempted to reserve. The whole case was reserved, facts, law and answers to written requests for instructions presented on behalf of each of the parties. It is impossible for us to know from the record what question the court intended to reserve. That in every case where a general verdict is given, subject to a point reserved, the question of law thus reserved must be stated, and the facts on which it arises must be either admitted on the record or found by the jury, is too well settled to require discussion. The court cannot withdraw the decision of the facts from the jury, by reserving as a point, whether under all the evidence in the case the plaintiff is entitled to recover, unless the essential facts are undisputed or where they are to be determined by the court upon mere inspection of a writing in evidence. It is true that the question whether there is any evidence which ought to be submitted to the jury on some fact essential to the plaintiff's case, or, if his case be admitted or conclusively established, on some fact essential to defendant's defense, may be a pure question of law proper for reservation. Whether the evidence is sufficient is a question of fact, which cannot be reserved: Wilson v. Tuscarora, 25 Pa. 317; Wilde v. Trainor, 59 Pa. 439; Ferguson v. Wright, 61 Pa. 258; Chandler v. Insurance Co., 88 Pa. 223; Koons v. Western Union Tel. Co., 102 Pa. 164; Buckley v. Duff, 111 Pa. 223; Headley v. Renner, 129 Pa. 542.

The burden was upon the plaintiff to establish by evidence that he had notified the prior indorser. Whether there was any evidence which ought to be submitted to the jury was a question of law for the court; but if there was evidence to submit to the jury, then, it was for the jury alone to pass upon its sufficiency. The court reserved the whole case and undertook to pass upon the credibility of the witnesses, and the defendant then and there took an exception to the reservation. The reservation was manifestly bad, but none of the assignments of error refer to it. The only action of the court below which is here complained of is the entry of judgment in favor of plaintiff upon the verdict. The verdict was for plaintiff for a definite sum, and in the mere entry of the judgment thereon there was no error, unless upon some one of the questions of law reserved

the court would have been warranted in entering judgment for the defendant, non obstante veredicto: Clark v. Wilder, 25 Pa. 314; Wilde v. Trainor, 59 Pa. 439; Chandler v. Commerce Ins. Co., 88 Pa. 223; Keifer v. Eldred Twp., 110 Pa. 1; Henry v. Heilman, 114 Pa. 499. This seems to be well settled by the more recent cases, although in Clark v. Wilder, the decision was put upon the ground, that an attentive consideration of the evidence disclosed nothing upon which a point could have been reserved that would have entitled the defendant to a judgment, non obstante veredicto. In the present case, however, the court, in addition to reserving all the evidence, reserved the questions of law arising on the written requests for instruction submitted by plaintiff and defendant, respectively. The recitals of fact contained in these points are irreconcilable. If the facts were as stated in plaintiff's points then he was entitled to judgment upon the verdict. If the facts were as set forth in the third point submitted by defendant then he was entitled to judgment, non obstante veredicto. All the points, having been reserved, stand upon an equal footing. When the facts are not found by the jury, nor agreed upon by the parties, and the court reserves as a question of law a point submitted by either of the parties, the recitals of fact contained in the point are to be taken as true in determining the right to judgment under the reservation. If, in such a case, the court reserves a number of points containing recitals of facts, and the recitals in some of said points are not reconcilable with those contained in others, so that upon some of the questions reserved the plaintiff would be entitled to judgment, and upon others judgment ought to be entered in favor of the defendant, non obstante veredicto, the whole reservation is bad and under it no judgment can be sustained. This case must go back to be retried, in order that the facts may be definitely ascertained.

Judgment reversed and venire facias de novo awarded.