## Witmer v. Hershey.

*Binding instructions—Points—Rule for judgment n. o. v.—New trial—Practice—Acts of April 22, 1905, and April 20, 1911.*

1. Where, on the trial of a suit, the court neither reserves nor declines a point submitted by the plaintiff asking for binding instructions, but affirms it with explanations, no judgment *n. o. v.* can be entered under the Act of April 20, 1911, P. L. 70.

2. In such case, if there was any error in the answer to the point, application should have been made for a new trial.

Rule for judgment for plaintiff *n. o. v.* for amount claimed in full. C. P. Lancaster Co., June T., 1924, No. 64.

*Charles W. Eaby*, for plaintiff and rule.

*Paul A. Mueller* and *John M. Groff*, for defendant.

HASSLER, J., Jan. 16, 1926.—This was an action on a check given by the defendant to the plaintiff in payment for a horse. The check was dated April 18, 1924, and was for $100. The defendant resisted its payment, for the reason that it was given for a horse which was warranted to be sound and was not as warranted. It was delivered by the plaintiff to the Warwick House stables, and when the defendant discovered that it was not as warranted, he returned it to the same stable, notifying the plaintiff that he had done so.

Three questions were raised at the trial: (1) Whether the horse was warranted to be sound; (2) whether it was sound; (3) if it was not sound, whether it was returned to the plaintiff.

The plaintiff submitted the following point: "The defendant was bound under the law to do one of two things, either return the horse to the plaintiff or else keep the horse and defend *pro tanto*. He did not do either, and, therefore, your verdict must be in favor of the plaintiff." We answered this point as follows: "We affirm this point. If the horse was warranted and the

horse was not as warranted, then Mr. Hershey must have returned the horse to Witmer, and if you find he did not do so, if you find that the returning him to the stable at the Warwick House was not a return to Mr. Witmer, then your verdict should not be in favor of Mr. Hershey, but must be in favor of Mr. Witmer, the plaintiff, for the full amount of his claim." In our general charge we fully explained this point to the jury.

The verdict of the jury was for the plaintiff for $42. The plaintiff now asks for a judgment *non obstante veredicto* for the full amount of his claim. A new trial was not asked for. The Act of April 22, 1905, § 1, P. L. 286, as amended by the Act of April 20, 1911, § 1, P. L. 70, provides: "That whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record and for judgment *n. o. v.* upon the whole record." It will be observed that we neither reserved nor declined the point submitted by the plaintiff. In Butler Borough v. Penn Township, 64 Pa. Superior Ct. 210, the court answered the points submitted and did not reserve or decline any of them, and it was held no judgment *n. o. v.* could be entered under the above act of assembly. See, also, Keifer v. Eldred Township, 110 Pa. 1, and Ackley v. Bradford Township, 32 Pa. Superior Ct. 487. As we affirmed the point submitted by the plaintiff in this case and did not reserve or decline it, we cannot under the act of assembly enter judgment *n. o. v.* If there was any error in our charge to the jury or answer to the point in question, which we do not concede, application should have been made for a new trial, but not for judgment *n. o. v.* The rule for judgment *n. o. v.* is, therefore, discharged.

From George Ross Eshleman, Lancaster Pa.