Daniel Ermentrout, Appellant, *v.* George D. Stitzel, Trustee of Clara E. Althouse, now Kaufman, and Clara E. Kaufman.

*Alley—Abandonment—Evidence.*

A person who accepts a deed, with actual as well as constructive notice and knowledge of the existence and location of a private alley designed for the different owners of portions of a tract of land, although the deed contains no reference to the alley, will not be held to have abandoned the alley by reason of such acceptance, or because he abstained from fencing off the alley, or because he did not remove an apple tree which was standing in the space covered by the alley when he took the conveyance, or because he erected a grape arbor partly within the space covered by the alley.

Argued March 5, 1895. Appeal, No. 174, July T., 1894, by plaintiff, from judgment non obstante veredicto of C. P. Berks County, October Term, 1893, No. 54, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for obstructing a private alley by the erection of gates. Before ENDLICH, J.

At the trial it appeared that the tract of land of which both plaintiff's and defendant's properties are part, was in 1884 owned by a building association. A map or plan was prepared (not recorded) showing the tract laid out in lots with a twenty-foot street or alley running east and west along the entire rear of the tract, connecting at the western extremity thereof with a similar alley running northwardly to a public street. Including the space marked off as an alley, the depth of the lots north and south was not quite 200 feet. On November 17, 1884, the building association conveyed to defendant's grantor the easternmost portion of the tract, stipulating in the deed that the premises were sold subject to said plan as regarded the street in the rear and the measurements. On October 1, 1888, the building association conveyed to plaintiff a portion of the tract 115 feet west of that conveyed to defendant's grantor. The property conveyed to plaintiff was described as 66 feet in front and 200 feet in depth, to the line of the adjoiner on the

south (improperly called east), and without reference to any street or alley in the rear, or to any map or draft. On February 26, 1890, the building association conveyed to one Griscom that portion of the tract lying between the properties previously conveyed to defendant's grantor and to plaintiff respectively. From Griscom, the plaintiff, on February 18, 1892, took a conveyance of what the former had thus acquired, describing the line from north to south as " 200 feet to an alley, thence across said alley 20 feet," to the line of the adjoiner on the south of the same, and the line from south to north, beginning at the line of said southern adjoiner, as " 220 feet, including lands intended for the alley."

Plaintiff did not fence off the alley from the rest of his lot, nor did he remove an apple tree standing in the alley at the time he took the conveyance. Subsequently he erected a grape arbor in a portion of space covered by the alley. The alley was not public. It was intended for the accommodation of the various owners of the subdivisions of the tract. It had never been thrown entirely open ; but there had always been gates and bars somewhere on it.

The defendant elected not to insist on her right to an easement over the lands of others, and erected gates on her own. At the trial she insisted (1) that the obstruction was not unreasonable ; and (2) that plaintiff had no rights on her land.

Defendant's points were as follows :

" 6. There being no evidence of any trespass on the part of the defendant, the verdict must be for the defendant. *Answer :* Reserved.

" 7. The uncontradicted evidence showing that the plaintiff held possession of this property under an absolute title from the building association, and that the former never fenced off his alleged alley from his property, nor recognized the right of defendant through his property, the verdict must be for the defendant. *Answer :* Reserved."

Verdict for plaintiff for $1.00.

The court, in an opinion by ENDLICH, J., subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was entry of judgment as above.

*C. H. Ruhl*, for appellant.—Where a general verdict is given, subject to a point reserved, the question of law thus reserved must be stated, and the facts on which it arises must be either admitted on the record or found by the jury : Irvin v. Wickersham, 25 Pa. 316 ; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Ferguson v. Wright, 61 Pa. 262; Inquirer Printing Co. v. Rice, 106 Pa. 623 ; Buckley v. Duff & Sons, 111 Pa. 223; Henry v. Heilman Bros., 114 Pa. 499.

The defendant's conveyance refers to the plan of the entire tract owned by her grantor and purchased from the Clymer estate.   The " Kendall " plan therefore became a material and essential part of the conveyance : Birmingham v. Anderson, 48 Pa. 253; Trutt v. Spotts, 87 Pa. 339; Ferguson's App., 117 Pa. 426.

A covenant does not require any express words.   Any words which show the party asserted in a deed that a matter material to the contract had been done, amounts to a covenant that it has been done: Pomeroy's Equity, vol. 2, p. 689 ; Yeaton's App., 105 Pa. 125.

That the plaintiff was not obliged to fence out the alley cannot be disputed : Moffitt v. Lytle, 165 Pa. 173.

*William Kerper Stevens*, of *Stevens & Stevens*, for appellees. —No objection having been made, nor any exception taken to the reservation of the defendant's 6th and 7th points at the time, it is now too late to complain of such reservation : Koons v. Western Union Telegraph Co., 102 Pa. 164.

The points were properly reserved : Wilde v. Trainor, 59 Pa. 439.

The defendant could assert nothing save by consent of the owner ; and this consent she justly refused to ask, and when thrown at her she had the right to refuse to accept it : Bellas v. Pardoe, 15 Atl. Rep. 665.

Where the plot or plan is not acknowledged nor the dedication accepted, nor the lanes and alleys used, if the lanes and alleys are not ways of necessity, no equity exists against closing them : Bell v. Todd, 51 Mich. 21; Smyles v. Hastings, 22 N. Y. 217; Foster v. Buffalo, 64 Howard, 127.

The plaintiff having been a party to the abandonment of the alleged alley is estopped for asserting its existence : Wash-

burn on Easements, 264, sec. 2; Hopkinson v. McKnight, 31 N. J. Law, 427; Ewing v. DeSilver, 8 S. & R. 92.

OPINION BY MR. JUSTICE MCCOLLUM, October 7, 1895:

The defendant having succeeded to the title conveyed by the Friendship Building and Savings Association to Mary A. Althouse had a clear right to an alley, in accordance with the plan made by Kendall Bros. in 1883, from Clymer street to the alley connecting with the Hill road at a corner of Josiah Dives' property. This right was defined in and secured by the reservation in the deed to her grantor and in the latter's deed in trust for her. It does not appear to have entered her mind prior to the institution of this suit that the Kendall alley was abandoned by the plaintiff or by any owner of a lot or lots abutting upon it; nor that she was invested by any act of theirs or either of them with authority to exclude them from it in the rear of her property. Her rights in the alley were the same as the plaintiff's and other owners of lots abutting thereon. As they could not deprive her of the use of it in the rear of their lots she could not prevent them from using it in the rear of hers. The correspondence between the litigants in the summer preceding the issuance of the writ in this case shows that they understood their rights and obligations in reference to the alley were mutual, and that they recognized it as an existing way in the maintenance of which they had a common interest. Neither of them claimed an abandonment of it, or denied to the other the use of it. Their principal contention appeared to relate to a fence and gates erected by the defendant in the alley in the rear of her lot, and she claimed that they were placed there for the protection of her property and were constructed so as to afford reasonable facilities to the lot owners for the use of the alley, while the plaintiff claimed that they constituted an unreasonable obstruction to his use of it and amounted to a practical denial of his rights in it. The learned court below, regarding this contention as the material one in the case, submitted it to the jury in a clear, adequate and as we think correct charge, reserving, however, the questions raised by the defendant's sixth and seventh points. The jury found from the evidence in relation to the use of the alley by the lot owners and the work done by them upon it that the obstruction complained of was an unreasonable one.

The questions raised by the points referred to were, (1) whether there was any evidence of the commission of a trespass by the defendant, and (2) whether the plaintiff was estopped by his deed from the building association, and his neglect to fence the alley from asserting any right in the latter. So much of the seventh point as alleges that the plaintiff never " recognized the right of defendant through his property " need not be considered, because it is a statement which plainly disregards the uncontradicted evidence in the case.

The learned court below upon consideration of the reserved questions concluded that the plaintiff had no right in the alley, and entered judgment non obstante veredicto. The grounds of this conclusion were that his acceptance of a deed which contained no reference to the alley but included the land on which it was located by the Kendall plan, together with his alleged encroachment upon it and his neglect to remove the apple tree in it, constituted an abandonment of it. In this conclusion we think there was error. The plaintiff accepted the deed with actual as well as constructive notice and knowledge of the existence and location of the alley. The deed gave him no right in the alley which interfered in the slightest degree with the rights of the other lot owners therein. He neither did nor claimed anything under the deed which he or they regarded as prejudicial to their rights. There was no permanent or material encroachment upon the alley by the plaintiff or anything done or omitted by him indicative of an intention to abandon it, or to deny to the defendant and the other lot owners the use of it for the purposes to which it was dedicated. The evidence in relation to the grape arbor and the apple tree did not show an obstruction which would have justified the defendant or any other lot owner in closing the alley. The former is the only obstruction placed in it by the plaintiff, and it affords no justification of or excuse for the act of the defendant: Bellas v. Pardoe, 15 Atl. Rep. 662. The apple tree was in the alley when the plaintiff bought his lots, and as he was not requested to remove it the fair inference is that it was not regarded as a serious obstruction. It is worthy of note in this connection that there was no reference in any of the defendant's points to the grape arbor and apple tree as constituents of the defense, nor request for instructions based on the evidence in relation

to them.   Besides, it is well to remember that the other lot owners have the same rights in the alley that the litigants have, and that the latter cannot exclude the former from it.

In support of the views we have taken concerning the effect of the plaintiff's acceptance of a deed which contained no reference to the alley, it is sufficient to cite Ferguson's Appeal, 117 Pa. 426.   The specifications of error are sustained.   The judgment is reversed and judgment is now entered on the verdict in favor of the plaintiff and against the defendant for one dollar and costs.