# Witman v. Smeltzer.

*Deeds—Plans—Streets—Dedication.*

References in a deed to a plan have the effect of making the plan a part of the deed, and this constitutes a dedication of the streets and alleys laid down upon the plan to the use of the purchasers as public ways.

A person who accepts a deed with both actual and constructive notice and knowledge of the location of a street designated for the use of the different owners of portions of the tract of land of which his lots are a part, acquires, as between him and his grantor and those who cotemporaneously accepted grants from the same party, the right to use all the streets upon the plan, and takes his own land subject to the easement of such streets as were by the plan located upon it; and this right is not confined to the part of the street upon which the lots immediately abut, but extends to all the streets upon the plan.

*Practice, C. P.—Question of law reserved.*

It is not within the power of the court to reserve a question of fact, or a mixed question of law and fact. When a verdict is taken subject to the opinion of the court upon points reserved, the facts should be distinctly stated as well as the question raised by them; and the judgment to be pronounced upon the solution of the question of law to be reserved, should also be specified as in a case stated.

Where the question reserved involves only the construction and effect of a written instrument, it is not necessary that the instrument should be set out at length in the question reserved, and the same rule applies as to a record. It is sufficient if it be set forth in the pleadings, or, if its execution be admitted, that it be fully identified.

When there is a verdict for plaintiff for a definite sum, and no reservation which will authorize a judgment to be entered contrary to the verdict, the appellate court is obliged not only to reverse the judgment, but also to enter judgment for plaintiff in accordance with the verdict.

*Practice C. P.—Reserved question—Record — Problem—Streets —Trespass.*

In an action of trespass for obstructing a street, it appeared that plain-

tiff and defendant had bought land as tenants in common according to a plan in which the street in controversy appeared as of a certain width. Subsequently in partition proceedings the land was sold to defendant. The record of the partition proceedings showed that the plaintiff did nothing which could have led the defendant to believe that his right to the street was to be waived, but on the contrary at the sale plaintiff gave notice that it was his intention to maintain his right to the street. It also appeared that there was no evidence whatever that there had been any agreement or understanding between the parties that the lines of the street should be changed. The jury returned a verdict for plaintiff, the court reserving a question which referred to the purchase by plaintiff and defendant, and the sale in partition proceedings, and left for the determination of the court whether the plaintiff was estopped from having the obstruction removed to the width of the street as specified in the plan. *Held*, that the plaintiff was not estopped by any deed offered in evidence, or by anything shown by the record of the proceedings in partition, and that the court below erred in entering judgment for defendant non obstante veredicto.

Argued Nov. 13, 1900. Appeal, No. 230, Oct. T., 1899, by plaintiff, from judgment of C. P. Berks Co., Feb. T., 1898, No. 18, non obstante veredicto in case of E. Witman v. Milton E. Smeltzer. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass for obstructing a street. Before ENDLICH, J.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*C. H. Ruhl*, for appellant.—The description of the defendant's property as contained in the deed of the executors of Dr. James W. Deppen, deceased, construed in the light of the facts established by the verdict of the jury, means that the property is conveyed to the boundary line on the east, subject to an easement in favor of all other owners of property embraced in James W. Deppen's plan of lots ; to the use of Elm street as a passageway to its full width of sixty feet as plotted on said plan : Trutt v. Spotts, 87 Pa. 339 ; Ferguson's App., 117 Pa. 426 ; Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92 ; Schenley v. City of Pittsburg, 104 Pa. 472 ; Breneiser v. Davis, 134 Pa. 1 ; Ermen-

trout v. Stitzel, 170 Pa. 540; Quicksall v. Philadelphia, 177 Pa. 301; Osterheldt v. Philadelphia, 195 Pa. 355.

The question reserved by the learned court below raises but one question, viz: one of estoppel. Does the one fact stated in the point reserved estop the plaintiff from asserting a right which he otherwise could assert? All other facts considered by the court below are irrelevant, and in so far as the judgment of the court below is based thereon, it is error: Shelly v. Dampman, 1 Pa. Superior Ct. 115; Yerkes v. Richards, 170 Pa. 346; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Henry v. Heilman Bros., 114 Pa. 499.

*Cyrus G. Derr*, with him *D. N. Schaffer*, for appellees.—The plan of lots made by Dr. Deppen in 1870 was modifiable by him at his pleasure, so long and in so far as such modification did not conflict with rights which he had granted to others, and inasmuch as the doctor retained to the time of his death, both the property of the plaintiff and the property of the defendant, the plaintiff and the defendant claiming by purchase from the executors of his will, it follows that the plaintiff and defendant took their respective properties subject to whatever modification Dr. Deppen had in his lifetime made in the said plan of lots, and the undisputed testimony showing that Dr. Deppen, in his lifetime, modified the plan of his property by substituting for a sixty feet wide street to be opened, a forty feet wide street actually opened, and by erecting permanent and valuable structures in accordance with the said modification, which structures would be destroyed by returning to the original plan, Dr. Deppen's executors must be regarded as having sold, and the plaintiff and the defendant must be regarded as having purchased, upon the basis of the plan so modified, and must severally be held bound thereto: Act of May 9, 1889, P. L. 173; Woodward v. City of Pittsburg, 194 Pa. 193; Cotter v. Philadelphia, 194 Pa. 496; Graff v. Pittsburg, etc., R. R. Co., 31 Pa. 489.

The plaintiff having initiated an action for the partition of the property in question and filed a declaration therein, in which he described it as "all that certain large Swiss barn, tenant house and other buildings and small tract or parcel of land containing one acre and ninety-one perches," and the said action having eventuated in a public sale of the property by the sheriff,

who advertised it in accordance with the description so contained in the plaintiff's declaration, and the defendant having become the highest bidder and the purchaser of the property at the said sale, the plaintiff receiving one half of the purchase money paid for the property by the defendant, the plaintiff is estopped from denying that the property so sold and purchased by the defendant was what in the said description and advertisement it was stated to be and what in fact it actually was, namely, a tract of land including the land occupied by the barn: King v. Wycombe Railway Co., 28 Beav. 104.

OPINION BY W. D. PORTER, J., February 14, 1901:

Prior to his death, in 1895, James W. Deppen was the owner of a certain tract of real estate in the village of Wernersville. He had caused this tract to be laid out in a plan of lots and streets, and a draft or map of this subdivision to be made. He had sold lots in accordance with this plan to various purchasers. Among the streets marked and located upon this plan was one of the width of sixty feet called Elm street. At the time of his death the title to the ground over which Elm street ran and the lots which abutted thereon was still in him. By his will, which was duly proved, he gave to his executors an unrestricted power to sell his real estate. The executors, under the authority conferred by the will, caused the plan of lots to be duly recorded in the recorder's office of Berks county in plan book 1, page 3. On November 21, 1896, they sold the property, the same being for convenience divided into purparts. Purpart No. 2 embraced lots Nos. 149 to 164, inclusive, being all the property embraced in said plan between the Lebanon Valley Railroad, an alley which was not named, an alley named Railroad alley, and lands of Benneville Lerch. Purpart No. 3 was bounded by Market street, by other lands of the Deppen estate, by Railroad alley and by lands of Benneville Lerch, and comprised lots Nos. 132 to 139, inclusive. These purparts together included all the land next to that of Lerch between the railroad and Market street, and included within their lines the land over which Elm street was located upon the plan, the street being laid out along the line of the Lerch property. The conditions of sale referred to the Deppen plan of lots, a draft of which was thereto attached. Purpart No. 2 was sold to Ephraim Wit-

man, the plaintiff.    Purpart No. 3 was sold to the present parties
plaintiff and defendant, as tenants in common.    In the deeds
made pursuant to these sales, the lands of Lerch were called
for as a boundary; that to Witman and Smeltzer contained the
following description of the property : " Beginning in the middle
of Market street; thence, along the same north 66° 50' west,
300 feet, more or less to a point; thence, by purpart No. 8 of
said decedent's real estate, about to be conveyed to Levi F.
Reber, south 23° 10' west, 225 feet, to a point in the middle of
Railroad alley; thence, along the middle of said alley, south
66° 50' east, 308 feet, more or less ; and thence, by land of Ben-
neville Lerch, north 20° 55' west, 225 feet, to the place of be-
ginning, containing one acre and 91 perches, comprising lots
Nos. 132 to 139, inclusive, in J. W. Deppen's plan of lots at
Wernersville, Berks county, Pa., a traced copy whereof en-
tered in the Recorder's Office at Reading in Plan Book No. 1,
page 3, recourse being thereunto had appears." The deed to
Witman for purpart No. 2 contained a like call for Railroad
alley, and a similar reference to Deppen's plan of lots.    Railroad
alley was located by said plan of lots.    Witman subsequently in-
stituted partition proceedings, at No. 52, May term, 1897, of the
court of common pleas of Berks county, and in that proceed-
ing purpart No. 3 was sold by the sheriff, and Smeltzer, one
of the tenants in common, became the purchaser.    Witman now
brings this action for an alleged interference by Smeltzer with
the easement, appurtenant to the lots in purpart No. 2, of Elm
street, as located upon the Deppen plan.    In submitting the
case to the jury the learned judge of the court below required
them, among other things, to pass on certain specific questions :
First. Did Deppen modify his plan of lots, by reducing the
width of Elm street, and actually open the street upon the
ground, making it of a less width than sixty feet, marking it
with fences and adjusting permanent and valuable buildings
and improvements thereto, which would be destroyed if the
street were opened as originally plotted ?    Second. Was the sale
by the executors made not exclusively with reference to the
draft, but, so far as Elm street was concerned, with reference
to what appeared upon the ground, the condition of the ground,
the improvements on the ground, the lines upon the ground, as
they were at that time ?    Third. Did the plaintiff and the de-

fendant, when they were brought together, mean to stand by what they found on the ground, and preserve those lines of Elm street as they found them there at that time, and did the defendant put his money into that purchase, at the sale in partition, on the faith of that understanding? The jury were instructed that if Deppen had modified the plan, or the executors had not sold exclusively with reference to the plan, or that the plaintiff and defendant had an understanding that the lines of Elm street, were to be preserved as of the limited extent to which the street was then opened, or that the defendant had put his money into the purchase upon the faith of such an understanding, then the plaintiff was not entitled to recover. The finding of the jury upon all these questions was in favor of the plaintiff. That that finding was upon sufficient evidence there can be no question. It was an undisputed fact that at the time the executors sold the property, which sale was public, a copy of the plan was exhibited to the purchasers. There was no evidence whatever that there had been any agreement or understanding between the parties that the lines of the street should be changed. The verdict of the jury conclusively establishes that the location of Elm street upon the plan was as contended for by the plaintiff, and that the defendant has insisted upon maintaining obstructions within the lines of the street.

The references to the plan contained in the deeds have the effect of making that plan a part of the deeds, and this constitutes a dedication of the streets and alleys laid down upon the plan to the use of purchasers as public ways: Birmingham Boro. v. Anderson, 48 Pa. 253; McCall v. Davis, 56 Pa. 431; Ferguson's Appeal, 117 Pa. 426; Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92. This defendant accepted his deed with both actual and constructive notice and knowledge of the location of this street, designed for the use of the different owners of portions of the tract of land of which his lots were a part, and, as between him and his grantor and those who cotemporaneously accepted grants from the same party, he acquired the right to use all the streets upon the plan, and took his own land subject to the easement of such streets as were by the plan located upon it: Ermentrout v. Stitzel, 170 Pa. 540. The right in the streets which these cotemporaneous purchasers acquired, as against their grantor and each other, was not con-

fined to the part of the street upon which the lots immediately abutted, but extended to all the streets upon the plan: Fereday v. Mankedick, 172 Pa. 535; Quicksall v. Philadelphia, 177 Pa. 301; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194. There was no impropriety in including the land over which the street was located within the terms of the grant. The entire street was located upon the lands of the Deppen estate. The effect of the conveyance was to vest in the grantee the fee in the land for the entire width of the street, subject to the easement for the street which was appurtenant to the other lots.

The jury found a verdict for the plaintiff for a definite sum of money, subject to the opinion of the court upon a single question of law reserved. The question was reserved upon a point submitted on behalf of the defendant, in the following language, viz: " The property of the plaintiff and defendant, as conveyed by deed of Deppen's executors to plaintiff and defendant, including the grant of the plotted street and the large Swiss barn erected thereon, was sold under proceedings in partition, in which Mr. Witman, the plaintiff in this action, was plaintiff. Having received his share of the purchase money, he is now estopped from having said barn and permanent improvements removed in order to open said street to the width of sixty feet." The court reserved this question and subsequently entered judgment in favor of the defendant non obstante veredicto. It is not within the power of the court to reserve a question of fact, or a mixed question of law and fact. " When a verdict is taken subject to the opinion of the court upon points reserved, the facts should be distinctly stated, as well as the question raised by them; and the judgment, to be pronounced upon the solution of the question of law to be reserved, should also be specified, as in a case stated: " Shelly v. Dampman, 1 Pa. Superior Ct. 115; Wolf v. Jacobs, 10 Pa. Superior Ct. 54; Yerkes v. Richards, 170 Pa. 346. When the question reserved involves only the construction and effect of a written instrument, it is not necessary that the instrument should be set out at length in the question reserved, and the same rule applies as to a record. It is sufficient if it be set forth in the pleadings, or, if its execution be admitted, that it be fully identified. The question reserved must be one of law only, yet the record must show the specific fact, or facts, on

which the law is reserved: Keifer v. Eldred Township, 110 Pa. 1; Henry v. Heilman Bros., 114 Pa. 499. When there is a verdict for the plaintiff for a definite sum and no reservation which would authorize a judgment to be entered contrary to the verdict, we are obliged not only to reverse the judgment, but, also, to enter judgment for the plaintiff in accordance with the verdict. In order to keep in harmony with these well-established principles the learned judge of the court below was only free to consider one question, to wit: Was the defendant estopped, upon the facts set forth in the point reserved, from asserting his right to the use of Elm street? The authorities hereinbefore cited make it clear that the deed of Deppen's executors to the plaintiff and defendant subjected the land to the easement. The jury found that there was no agreement or understanding between the parties that the location or width of the street should be changed. This verdict was arrived at under the instructions of the court. If those instructions were too favorable to the plaintiff we cannot now balance the books by entering a judgment in favor of the defendant, to which he is not entitled upon the question of law reserved. The parties had a right to a specific ruling by the court upon every question of law which resulted in the verdict, and if they were not satisfied they had a right to an exception and an appeal. The only question which the learned judge of the court below had the power or right to consider, in passing upon the question reserved, was the effect of the record in the proceeding in partition. It is very clear that this record shows no solemn averment by the plaintiff in a judicial proceeding which would make it improper, upon grounds of public policy, to permit him now to assert his right to the street as located upon the plan. Is there anything in this record which could by any possibility have led this defendant to believe that the plaintiff had waived his right to the easement in question? What did appear upon the record in the partition proceeding is very clearly stated, by the learned judge of the court below, in the opinion which is thought to sustain the conclusion at which he arrived. " There the plaintiff, who is also the plaintiff here, in asking partition of the property conveyed to him and defendant by Deppen's executors, the property now owned by the defendant, had described it as consisting of eight separate lots,

as laid out in the Deppen plan, each bounded by the western line of Elm street as marked thereon, i. e., he asked for partition of eight separate properties thus defined. The defendant contended that the property held in common by him and plaintiff was one and entire, extending, as such, across Elm street to the eastern adjoiner mentioned in the executors' deed. That was the issue in the case, and that is all that was concluded by it. The decision was, that, as between the parties, the property was held by them and must be partitioned, if at all, as an entirety, regardless of the interior lines marked on the plan, but subject, at the eastern extremity, to an easement in favor of the public, i. e., Elm street. As to the width of that easement and its location, it was asserted, and, by reference to the plan and in the absence of contradiction, assumed and found that Elm street was sixty feet wide and that width covered the most easterly portion of the tract." After this decision the plaintiff filed an amended statement, in which he adopted the description contained in the deed from Deppen's executors. The sale was made in accordance with this description, and the deed made by the sheriff to the defendant closes the description of the land in the following words: " Comprising lots numbered 132 to 139 inclusive, in J. W. Deppen's plan of lots at Wernersville, Berks County, Pa., a traced copy whereof is entered in the Recorder's Office at Reading, Berks County, Pa., in Plan Book No. 1, page 3." Here, again, is a direct reference by the deed to the plan. This was sufficient to protect the easement appurtenant to plaintiff's other lots. He did not, however, rely upon this alone, but caused a notice to be given at the sale that the purchaser would take title subject to Elm street as located, of a width of sixty feet. The defendant in his testimony very reluctantly admitted that a notice of this character was given. It thus not only appears that the plaintiff did nothing in the partition proceeding which could have led the defendant to believe that the right to the street was to be waived, but at every opportunity the plaintiff gave notice that it was his intention to maintain that right. The court below refused a new trial, but in passing upon the reserved question tried the whole case over again, without the intervention of a jury. The plaintiff was not estopped by any deed offered in evidence, or by anything shown by the record

of the proceedings in partition. The law being with the plaintiff upon the question reserved, we must decree that judgment be entered upon the verdict. The principles, which leave no other course open to us, involve no hardship in this case, for, accepting the facts as found by the jury, the plaintiff's right to recover cannot be questioned.

Judgment reversed, and judgment is now entered on the verdict in favor of the plaintiff for six cents, with costs.