## Richardson, Appellant, v. City of McKeesport.

*Road law—Dedication of street—Findings of fact.*

Where the lower court has found upon sufficient, although contradicted evidence, that a strip of land has been added to a street, and dedicated to public use, and there is no clear error, the appellate court will not reverse the finding.

Where there has been a dedication and acceptance of a street, temporary obstructions erected by a person or persons claiming title to the land on which the street is located, cannot defeat the right of the public.

*Deed—Reference to plan.*

Designation in a deed of property conveyed by lot numbers, and an express reference to a plan showing the lots and their numbers, make the plan an essential part of the deed and have the same force and effect as if the plan had been copied into the conveyance.

*Deeds—Boundaries—Monuments.*

Where there is a conflict between the monuments, either natural or artificial, and the courses and distances named in a deed, the former must control.

*Streets—Dedication—Revocation.*

Where an owner has opened a street upon the ground under circumstances which clearly indicate an intention to dedicate to public use, and

the street has been accepted and used by the public, neither he nor his successors in title can afterwards revoke that dedication.

Argued May 11, 1901.   Appeal, No. 80, April T., 1901, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1901, No. 145, on bill in equity in case of Anna M. Richardson v. City of McKeesport.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Bill in equity for an injunction.
SHAFER, J., found the facts to be as follows:

### FINDINGS OF FACTS.

1. Prior to the year 1873 there existed in the then borough of McKeesport a street called Huey street, of the width of twenty feet.   The commissioners appointed by virtue of an act of assembly approved May 24, 1873, P. L. of 1875, 379, fixed the width of said Huey street at forty feet, the additional twenty feet being taken from the land on the west side of Huey street, as it was originally laid out.

2. In 1882, or sometime prior thereto, the land on the west side of Huey street became the property of O. D. Delano, and in 1882 Delano laid out a plan of lots in which he shows Huey street of the width of forty feet, the westerly side being marked " commissioners' line of Huey street, " and with a line drawn along the center of Huey street, joined by dotted lines to the line marked " commissioners' line, " having the lots fronting on Huey street laid out to the commissioners' line, only with distances corresponding.   This plan was never recorded in the recorder's office.

3. In 1883, Delano built five houses on Huey street, among them being the house on the lot now of the plaintiff, and built a fence in front of the houses upon the commissioners' line leaving the street of a width of forty feet.

4. By deed dated January 4, 1889, and duly recorded, O. D. Delano conveyed to the plaintiff lot No. 15 in said plan described as fronting twenty feet on Huey street and extending back 124.73 to a twenty-foot alley, this distance from the alley being sufficient to carry the same to the middle line of Huey street.   The deed to her was made " subject to the location of Huey street and the public rights upon and over said street."

5. There seems to have been, along the old line of Huey street, some posts, or other part of a fence, not removed; and these have remained from some time after 1883 up to the present, and during part of the time, from time to time, one or more boards were extended from the corner of plaintiff's lot on Jerome street to this old fence line; but otherwise the street has been open to public travel, as it was opened by Delano, since 1883, and the twenty feet next to the lots as laid out has been, during that time, used by foot passengers. A part of said twenty feet added to the street by the commissioners' line in front of the lots of the Delano plan, 100·feet northwardly from the plaintiff's lot, has been for a long time covered by a wooden walk throughout its whole extent.

### CONCLUSIONS OF LAW.

We are of opinion that under the facts of this case Delano must be deemed to have dedicated to the public use the twenty-foot strip added to Huey street by the commissioners' report, and that the same has been accepted by user of the public; and that the conveyance by Delano, many years after the dedication so made by him, cannot affect the rights of the public.

The bill should, therefore, be dismissed, with costs to be paid by the plaintiff.

*Errors assigned* were the fourth finding of act, the conclusion of law, and the decree dismissing the bill.

*Thomas Herriott*, for appellant, cited: Penna. R. R. Co. v. Freeport, 138 Pa. 91; Hudson v. Watson, 2 Pa. Superior Ct. 427; Weiss v. South Bethlehem Borough, 136 Pa. 294; Bellefield Avenue, 2 Pa. Superior Ct. 148; Brooklyn St., 118 Pa. 640; Wayne Ave., 23 W. N. C. 232.

*W. B. Rodgers*, with him *J. D. Douglass*, for appellee.

OPINION BY W. D. PORTER, J., July 25, 1901:

The finding of fact which is the subject of the first assignment of error is not strictly in accordance with the evidence, but the element thereof against which the appellant complains

was not material to the determination of the question in controversy. If the strip of ground in question was dedicated to public use by the deed under which appellant took title, it matters not whether the name of the grantor was Delano or Taylor. The defendant's standing to question the right of the city to enter upon the land was dependent upon her title; she made no pretense to title from any source other than the deed of Taylor, and it was that deed which contained the clause, relating to the location of the street and the public rights upon and over the same, which was the material element in the finding of fact referred to. The plaintiff's title was subject to the operation of this clause, although it is true that the name of her grantor was Taylor and not Delano.

The learned judge of the court below found that the strip of ground in controversy had been dedicated to public use and added to Huey street, and upon the correctness of that finding this appeal depends. We cannot pass upon the credibility of the witnesses, who upon material facts were not in accord. If there was evidence of the facts in dispute which, if believed, was sufficient to support the finding, it must stand. It seems to be assumed by the parties that Huey street had originally been located of the width of twenty feet, but whether it had ever been opened does not appear. Commissioners were appointed under the act of assembly approved May 24, 1873, P. L. 1874, 379, and the width of Huey street was duly fixed at forty feet, the additional twenty feet being taken from the land on the west side of Huey street, as originally located. The west line of the street, as widened, is referred to in these proceedings as the "Commissioners' Line." In 1882, Delano, under whom the plaintiff claims, was the owner of a tract of land which embraced the strip of ground included by the widening of Huey street, as located between Jerome street and the Baltimore & Ohio Railroad. In that year he subdivided his land and laid out a plan of lots showing Huey street to be of the width of forty feet, the westerly side being marked "Commissioners' Line of Huey street," and with a line drawn along the center of Huey street, dotted lines extended from the ends of this line, at Jerome street and the Baltimore & Ohio Railroad respectively, to the ends of the commissioners' line at the same highways. The lots as marked on the plan ended at the

commissioners' line of Huey street, by which they were bounded. The lots fronting on Huey street extended back westerly to an alley, and beyond the alley other lots extended westerly to Sheridan street. So far as the evidence in this case indicates the alley mentioned was originally located and dedicated by this plan and the conveyance by Delano made in accordance therewith. Having subdivided his property Delano built houses upon ten of the lots, five fronting on Huey street, and five on Sheridan. The contractor who carried out this building operation for Delano testified that he was present when by the orders and in the presence of Delano the lots were staked out upon the ground, and pins driven where the fences should be built; that the houses were built accordingly, and after the houses were built the witness built the fences for Delano; "fenced it all in and closed it in ready for occupancy, and the fences were set back and left a forty-foot street." It is not disputed that that fence has stood upon that line ever since the houses were built, and it was established beyond question that it stands upon the commissioners' line of the street. The witness testified that he built the fence, making a forty-foot street, in obedience to the orders of Delano, and that the street was used up to the line of the fence by the public at that time, "it was all used." The lot of the plaintiff was one of those built upon and fenced. There was an abundance of evidence to warrant the finding that the street had been accepted and used by the public as a highway, that the street commissioners had exercised authority over it, and that the city had placed a fire plug within that part of the strip of ground which the plaintiff now claims is her private property. The public used the street without hindrance until about the year 1889, when plaintiff bought, when some trifling obstruction was interposed by the plaintiff or her grantor to the use of the street by the public, and the plaintiff has from time to time since erected temporary obstructions to the use of the street. These obstructions could not operate to defeat the right of the public, if there had been a dedication and acceptance of the street: Commonwealth v. Moorehead, 118 Pa. 344. In 1883 Delano sold and conveyed to W. A. Dunshee, Esq., two lots in said plan, the deed designating the land as lots "numbered 14 and 15 in said O. D. Delano s plan of lots to be recorded."

The calls in the deed are for Huey street on the east, an alley twenty feet wide on the north; another twenty-foot alley on the west; and lot No. 13 in said plan on the south. Delano's plan does not seem to have been recorded, but it is admitted that the plan in question is the plan printed in appellant's paper-book and hereinbefore referred to. The designation of the property conveyed by the lot numbers and the express reference to the plan of Delano, make that plan an essential part of the deed and must have the same force and effect as if the draft had been copied into the conveyance: Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Birmingham v. Anderson, 48 Pa. 253; Ferguson's Appeal, 117 Pa. 426; Fereday v. Mankedick, 172 Pa. 535. Had the deed made no reference to the plan, but merely called for a street located by public authority, as an adjoiner, it would not have involved the dedication of the land to public use; the title to the land within the lines of the located street would have remained in Delano: Brooklyn Street, 118 Pa. 640. That is not this case. Delano had incorporated the street as located into a plan of subdivision of his own property, if he had conveyed his lots to the commissioners' line without dedicating to public use the street covered by the location, retaining to himself the strip included by the widening, the lots would have been cut off from access to the street. When we consider this plan in connection with the testimony as to the manner in which Delano applied the plan to the property, building houses upon the several lots, placing fences upon the commissioners' line and throwing the street open for the use of the public throughout its entire width, we must conclude that in making the plan he adopted as his own the location of Huey street as fixed by the commissioners. It has been argued by the learned counsel for the appellant that because the length of the side lines as recited in the deed is greater than the side lines running from Huey street to the alley as indicated upon the plan, the grant to Dunshee is to be construed as intended to apply to the original location of Huey street. If it be conceded that the length of the lines as given in the deed is to control and extend the lots beyond the boundaries fixed by the plan, the concession does not avail the appellant. Lines of the length given in the deed do not reach the old location of Huey street, and they also fall short of the

original line of the Delano tract, as shown by the plan and established by the evidence. The plaintiff must therefore rely upon the calls for the adjoiners, in order to reach Huey street. The deed calls for no monument upon the ground, and if there must be a shifting of the lines established by the plan, this could as readily be done by shifting the location of the alley westward as by moving Huey street eastward. " When there is a conflict between the monuments, either natural or artificial, and the courses and distances named in the deed, the former must control : " Higgins v. Sharon Borough, supra. In the absence of anything more than the mere discrepancy, as to the distance between the street and the alley, in the recitals of the deed and the plan to which it referred, we cannot hold that Dunshee took title to more land than was embraced in lots Nos. 14 and 15 on the plan. The street being at that time an open public highway the fee in the land in front of the lots to the center of the street vested in the grantee, subject to the public easement. The owner having opened the street upon the ground, under circumstances which clearly indicated an intention to dedicate to public use, and it having been accepted and used by the public, neither he nor his successors in title could afterwards revoke that dedication : Quicksall v. Philadelphia, 177 Pa. 301 ; Pearl Street, 111 Pa. 565 ; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194 ; Witman v. Smeltzer, 16 Pa. Superior Ct. 292 ; Opening of Brooklyn Street, 118 Pa. 649 ; Commonwealth v. Moorehead, supra.

When, in 1885, Mr. Dunshee came to sell lot No. 15, to Taylor, the street had been opened and in use as a public highway for a number of years. He recognized the fact that the public had rights in the street, and although the deed describes the lot as of the same depth as recited in the Delano deed to him, he made the grant " subject to whatever right the public may have in and over Huey street as located along the front of the same." It cannot be maintained that this was a mere reservation in favor of his adjoining lot, No. 14 in the plan, for there is an express recognition that the public had existing rights in the land. When Taylor sold to the appellant, in 1889, the deed contained this express reservation : " But subject to the location of Huey street and the public rights upon and over said street." This was not a mere reference to a street which

had been located by municipal authority and remained unopened, it recognized the fact that Huey street was located upon the land, but it went further and expressly reserved the public rights upon and over said street. The oral testimony clearly established that the strip of land in controversy was at that time used by the public as a highway, and this deed expressly reserved to the public the right to continue such use. The evidence was unquestionably sufficient to sustain the conclusion arrived at by the learned judge of the court below.

The decree is affirmed and the appeal dismissed at cost of the appellant.