## McGuire, Appellant, *v.* Wilkes-Barre.

*Road law—Obstruction of highway—Fence—Adverse use—Plan of lots—Dedication.*

References to a plan contained in a deed have the effect of making that plan a part of the deed, and this constitutes a dedication of the streets and alleys laid down upon the plan to the use of the purchaser as a public way.

No title can be acquired against the public by an adverse use of a portion of a street for more than twenty-one years. Anything which closes or obstructs a road or a street that had once been opened is a nuisance, and may be abated either by the proper officer, or by any private citizen.

Where a street has been dedicated to the public use by the recording of a plan of lots, and the street has been accepted by the city, no one can acquire title to a portion of the street by any length of adverse use.

Argued March 5, 1908. Appeal, No. 58, March T., 1908, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1905, No. 1,067, on verdict for defendant in case of Teresa McGuire v. The City of Wilkes-Barre. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass for an alleged wrongful invasion of plaintiff's property. Before HALSEY, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*M. J. Mulhall*, with him *T. F. McLaughlin*, for appellant.—
Mere dedication alone by an individual, unlike dedication by
the commonwealth, will not make a street a public highway
unless it is actually opened upon the ground and accepted by
the public: Washington Female Seminary v. Washington
Borough, 18 Pa. Superior Ct. 555; Commonwealth v. Shoe-
maker, 14 Pa. Superior Ct. 194; Commonwealth v. Royce, 152
Pa. 88; Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425.

*Charles F. McHugh*, city solicitor, and *Richard B. Sheridan*,
for appellee.—The fence was an obstruction and nuisance in
the public way, which no length of time could legalize: Com-
monwealth v. McDonald, 16 S. & R. 389; Commonwealth v.
Rush, 14 Pa. 186; County of Susquehanna v. Deans, 33 Pa.
131.

The question involved in the case at bar is clearly ruled in
favor of the city in Higgins v. Sharon Boro., 5 Pa. Superior Ct.
92.

OPINION BY ORLADY, J., July 15, 1908:

Prior to 1876, a large tract of land in the northerly portion
of the city of Wilkes-Barre was laid out by its owner in build-
ing lots, and a plan thereof, showing the lots and streets, was
placed on record. One of these streets was designated as Max-
well street, and the plaintiff's husband became the owner of
one of the lots abutting on it. The deed is dated April 8, 1899,
and the description is as follows: "A lot of land beginning at a
point on the Southerly side of Maxwell Street, City of Wilkes-
Barre, a common corner of lots numbered 119 and 121, on a
plot of lots herein referred to. . . . Being lot No. 121 on the
plot of lots, and belonging to the estate of Luther Kidder, de-
ceased, which plot is recorded in the office for the recording
of deeds in and for said county," etc. The city of Wilkes-Barre
in 1878, by an ordinance duly enacted, adopted Maxwell street
as one of the public highways of the city.

When the grantee of the Kidder heirs took possession of the real estate under the conveyance, which was subsequent to the date of the recording of said plan, he located his fence two feet six inches outside of the plotted line of Maxwell street as marked on the plan, and continued to maintain such fence until a short time prior to the institution of this suit, when the defendant city, through its municipal officers, removed the encroaching fence; the plaintiff then brought this action of trespass to recover damages, she contending that by reason of the fact that she and her predecessor in title have been in undisputed possession of the land inside of the fence, for more than twenty-one years, that she had acquired an absolute title thereto. At the conclusion of the testimony the court directed a verdict for the defendant, and the plaintiff brings this appeal. The recording of the plan of lots in March, 1876, and the selling of the lots, pursuant to a technical description in reference to that plan and calling for the streets named therein in such conveyance, was a dedication so far as the Kidder heirs were concerned. The acceptance by the city made Maxwell street one of the public highways of the city within the boundary lines as declared in the plan and established by the remarking of the lines, in regard to which there is no dispute.

An owner who makes a plot on which spaces are left indicating the dedication of roads or streets not previously projected by the public authorities, and sells lots with reference to these plots, cannot recall his dedication, for he leaves the street to be opened by the proper local authorities at such time as the public interest may require, and of this they are the judges: Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92. References to a plan contained in a deed have the effect of making that plan a part of the deed, and this constitutes a dedication of the street and alleys laid down upon the plan to the use of the purchaser as a public way. The plaintiff's husband accepted his deed, with both actual and constructive notice and knowledge of the location of the street designed for the use of the different owners of portions of the tract of land, of which his lot was a part: Ermentrout v. Stitzel, 170 Pa..540; Witman v. Smeltzer, 16 Pa. Superior Ct. 285; Richardson v. City

of McKeesport, 18 Pa. Superior Ct. 199. From the moment the plaintiff's husband, who purchased from the Kidder estate, decided to ignore the plan of lots that had been placed on record, and to fix his boundary line so as to include a part of the street, he was a trespasser, and the fact that he and his widow after him have occupied it adversely, as they claim, for more than twenty-one years' will not aid his original tortious taking.

No title can be acquired against the public by user alone, nor loss to the public by nonuser. Public roads are not destroyed by long continued encroachments or permissive trespass. The public is not deprived of its right, by such encroachment. The fence located on the highway, under the undisputed facts of this case, acquired no right on account of time or expenditure. A street can no more be obstructed partially than closed altogether, and as said in Commonwealth v. Moorehead, 118 Pa. 344, authorities in support of the above propositions might be multiplied indefinitely, were it necessary. Anything which closes or obstructs a road that has once been opened is a nuisance, and may be abated either by the proper officers or by any private citizen: McMurtrie v. Stewart, 21 Pa. 322. The dedication of a street by the owner, and the acceptance by the public stamp it as a public highway: Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425.

The Act of May 9, 1889, P. L. 173, does not in way apply to such a case as is disclosed by the uncontradicted testimony in this record, for the reason that Maxwell street was not only a public highway by reason of the dedication, but added to this was an acceptance and continuous public user under the direction and maintenance of the municipal authorities.

The only assignment of error was in giving binding instructions to the jury to find a verdict for the defendant, which is overruled and the judgment is affirmed.