## Logan, Appellant, v. Bauer.

*Equity—Injunction—Remedy at law—Restraining proceedings at law.*

Proceedings against a city to recover damages for the opening of a street will not be enjoined at the instance of a third party by a suit in equity, where it appears that the plaintiff and defendant in the equity suit had an agreement relating to the opening of the street, that plaintiff's rights depended upon the construction of the agreement in his favor, and that the respective rights of the parties could be determined either in the proceedings against the city in which the plaintiff had intervened, or by a subsequent action at law by the plaintiff against the defendant after the termination of such proceedings.

Argued Dec. 17, 1914. Appeal, No. 143, October T., 1914, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., December T., 1911, No. 2905, dismissing bill in equity in case of Albanus C. Logan, et al., v. Henry W. Bauer and City of Philadelphia. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

328, (1915).]    Assignment of Error—Opinion of the Court.

*Error assigned* was decree of the court.

*E. Spencer Miller,* for appellants.—The bill, which is admitted by the demurrer, shows that the defendant is liable on his contract with the plaintiffs to dedicate Louden street.  He alleges that plaintiffs have an adequate remedy at law by an ultimate action of assumpsit against him, as a third piece of litigation.  The plaintiffs contend that this involves multiplicity of litigation, and is not adequate: Kentucky Bank v. Schuylkill Bank, 1 Parsons Select Eq. Cases 180; Apollo Trust Co. v. Safe Dep. Co., 31 Pa. Superior Ct. 524; Corbe v. Burkert, 33 Pa. Superior Ct. 317; Ardesco Oil Co. v. North American Mining & Oil Co., 66 Pa. 375; Craighead v. Swartz, 219 Pa. 149; Beaver v. Beaver, 23 Pa. 167; McSorley v. Coyle, 40 Pa. Superior Ct. 560.

*Joseph D. McCoy,* for appellee.—The plaintiffs have a full, complete and adequate remedy at law: Sprigg v. Com. T. Ins. Co., 206 Pa. 548; Greenberg v. First Mortgage, Etc., Trust Co., 242 Pa. 35; Koch's App., 93 Pa. 434; Young's App., 3 Penny. 463.

Equity will not restrain proceedings at law unless fraud, accident or mistake are alleged, or there is want of discovery: Denny v. Fronheiser, 207 Pa. 174.

OPINION BY TREXLER, J., July 21, 1915:

The plaintiff's bill recites that they entered into an agreement in writing with the defendant for the sale of two pieces of ground, in which agreement provision was made for the opening of a street, named Louden street.  One-half of the land covered by said unopened street was retained by the vendors and the other half was included in the land purchased by Bauer.  The words, "which it is intended to open to public use," referring to Louden street, had been inserted, but they were subsequently omitted and Bauer wrote upon a slip of paper the words, "the clause, 'which it is intended to

open and dedicate to public use' to be left out, the understanding being if Mr. Logan dedicates the one-half, I will join him, but if he is reimbursed for his twenty-five feet, I want to be reimbursed also." The plaintiffs being desirous of having said street opened, released to the city without compensation the portion of the street retained by them and also induced the authorities to take measures looking to the opening of the street, the officers of the city, however, exacting a bond from the plaintiffs in the sum of $1,000, conditioned upon their saving harmless the city from any damages in the opening of said street. When the city proceeded to open the street, Bauer claimed damages and the viewers not awarding him any, he has appealed to the Quarter Sessions, and is pressing his suit in said court. The bill prays that he may be restrained from urging his claim against the city. The plaintiffs asked to intervene in said suit as parties defendants and were allowed, but they allege in the bill that they are in doubt as to whether the stipulation made with Henry W. Bauer, the defendant, can be set up as a defense in said suit. The only question before us is, Do the above facts present a proper case for equitable relief?

If the memorandum above set forth amounts to a dedication to the public of Bauer's half of the street, then his right to recover damages ceases. The act of dedication when once completed binds the owner and if the rights of third parties have intervened, it cannot be recalled and such dedication operates in favor of the public, although the public originally is not a party to it: Smith v. Union Switch & Signal Co., 17 Pa. Superior Ct. 444; Richardson v. McKeesport, 18 Pa. Superior Ct. 199; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418. When Logan and the other parties to the agreement gave one-half of the street without compensation it would seem that the condition which was imposed by Bauer had been performed and that his contract to dedicate became binding upon him. If Bauer's

act does not amount to a dedication, but the plaintiffs have, by the memorandum, retained any rights to the portion of land sold to Bauer and covered by the street, Bauer's damages would be correspondingly reduced: Gamble v. Philadelphia, 162 Pa. 413. Presumably the effect of the agreement between the parties can be ascertained in the proceedings for the opening of Louden street, but if Bauer's agreement with Logan and the others does not affect his right to recover against the city, then we see no reason in injecting the matter into the suit against the city. It were better to have the matter determined in a suit at common law, than by restraining Bauer from pressing his suit. The plaintiff in giving the city a bond to secure the city against damages in the opening of said street was a volunteer, and we cannot see why this assumption of liability on his part, although it increases his interest, should entitle him to any greater right in the premises than he would have had under the agreement. Should the suit against the city result in a verdict for Bauer, if Logan's agreement with Bauer in relation to the street be broken and damages for the breach recoverable, they can be recovered in a common-law action against Bauer, and we think that method is preferable to the extraordinary process which we would resort to if we were to restrain his pressing his suit against the city. "There is no doubt of the jurisdiction of equity to restrain actions at law but the limitations of interference by equity are as well settled as the jurisdiction itself. The case must fall within some one or more of the recognized categories of fraud, accident, or mistake, etc.": Denny v. Fronheiser, 207 Pa. 174. The right is to be sparingly exercised and only when other remedies are inadequate and the equities invoking it are apparent and strong: 22 Cyc. 788. Whatever may be the event of the suit, any wrong if any which the plaintiff may suffer by reason of the breach of his contract, can be remedied in the law side of the court.

The decree of the lower court dismissing the bill, is affirmed, and this appeal is dismissed with costs.