Henry W. Hancock and Clinton G. Hancock, Executors and Trustees of Samuel P. Hancock, deceased, Appellants, *v.* The City of Philadelphia.

*Streets—Boundary—Deed—Question for jury.*

The grantee of land, whose north boundary is the south side of a street, which is not yet opened but is marked on the city's plan, takes no title beyond his line until the street is actually opened, when he takes title to the middle of the street.

In an action against a city for damages·caused by the opening of a street to an abutting owner whose line is limited by the side of the street, the question is for the jury whether or not he has sustained damages.

Argued April 1, 1896. Appeal.·No. 124, Jan. T., 1896, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Jan. T., 1896, No. 124, on verdict for defendant. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL,·JJ. Affirmed.

Appeal from the report of road jury.

At the trial it appeared that plaintiffs' testator in 1876 bought certain land bounded by the south side of Allegheny avenue in the city of Philadelphia. At that time Allegheny avenue was a public street laid out on the confirmed plan of the city of Philadelphia of a width of one hundred feet, but not opened. The description in the deed was as follows :

" All that certain lot or piece of ground situate in the Twenty-eighth Ward of the City of Philadelphia, Beginning at the South West Corner of Thirtieth Street and Allegheny Avenue thence extending Westward along· the South side of Allegheny Avenue one hundred and two feet eleven and three-eighths inches to the South East side of Nicetown Lane, thence South West along the same one hundred and seventy-three feet five inches and three-quarters, thence South Eastward by ground now or late Edgar P. Michener, forty two feet seven inches and

one-eighth thence by land now or late of Hattie E. Cooper Eastward parallel with the said Allegheny Avenue two hundred feet to the said Thirtieth Street and thence Northward along the West side of said Thirtieth Street one hundred and fifty feet to the place of beginning."

Joseph Souder, a witness for plaintiffs, was asked on cross-examination this question:

Q. The property extending only to the south line of Allegheny avenue, I ask you what property was taken by the opening of Allegheny avenue for public use for the purpose of a street?

Objected to.   Objection overruled.

A. I presume in a case of that kind it is customary to give the equity of an unopened street.

The Court: The question is whether the property within the lines of the Hancock estate there—any portion of it—was taken by the streets.   He wants to know whether the street infringed upon Mr. Hancock's line.   A. Not upon that line; no, sir.

By Mr. Wayland for defendant:

Q. Then, in point of fact, no land was taken from the Hancock estate by that opening.

Objected to.   Objection overruled.   Exception for plaintiff.

The Court: The question is whether any land called for by the deed was taken.

A. Nothing called for by the deed was taken. [1]

George W. Hancock, a witness for plaintiffs, on cross-examination was asked this question:

Q. Your testimony therefore is based upon something which is not, in point of fact, contained in the deed?

Objected to.   Objection overruled.

A. My testimony is based on that official plan. [2]

Isaac L. Miller, a witness for plaintiffs, was asked on cross-examination this question:

Q. If as matter of law, by reason of the implied covenant arising in the deed between the parties, the grantor in this deed bound himself to keep it open as a street for the benefit of the grantee or his successors, what would be the value of that strip in the bed of the street charged with the right of passage over it?

Objected to.   Objection overruled.

A. Not anything. [3]

The court charged the jury in part as follows :

[That question arises notwithstanding their deed carried them to the middle of the street, because it is clear that although they took the title to the middle of the street, they took it subject to the public easement, that is, subject to the right of the public to pass over the street at pleasure, it being like any other public highway in the city of Philadelphia, a street along which anybody had a right to walk or to drive or to ride, and the public enjoyed an absolute right to the uses of the street for the purposes of a passage along it.] [4]

[The question is, therefore, whether the actual or legal right which carried the plaintiffs' legal title to the middle of the street was of any practical value subject to this public right. Of. course they could not build upon it, they could not use it for any purpose except in common with the citizens of Philadelphia ; they might use it as a highway.  The real question, therefore, at the bottom of the case is whether what was taken was of any value to them.  It is said that if the street should at any time be vacated, the right to the soil in that vacated street would revert to the present owners, the Hancocks.  That is very true.] [5]

[But that does not alter the case.  The question is whether that is susceptible of a peculiar valuation, such a contingent and uncertain right as that, whether you can say that is of any such value that you can safely estimate it in money.  Unquestionably, they took the strip for which damage is now claimed, which is a part of Allegheny avenue, subject to the public right of passage over it, subject to its being a highway of the city of Philadelphia, and the question is whether property so situated is of any appreciable value upon which a jury can place a valuation.] [6]

[If it is of no value to the plaintiffs, any more than it is to the rest of the public, of course you are not to find a verdict for the plaintiffs for any value.  If it was of any value in any point of view to the plaintiffs over and above the general right of enjoyment which they had, an enjoyment in common with the entire public, then you can find a verdict for the plaintiffs if you can arrive at such a valuation by any fair reasoning, and by examination of the facts in the case.] [7]

[The question is, whether the legal right which a man has to

the fee to the property bordering on a street which is called for as a boundary in his deed, which is subject to the public right of the people to use it as a street at all times, is of any real appreciable value upon which you can safely fix a pecuniary price. If it is, you can find such a sum for the plaintiffs. If it is not, you should find a verdict for the defendant.] [8]

[I have been requested by the plaintiffs to charge you to the effect that there is nothing in the case, as it has been presented to the jury, which shows or warrants the finding of the fact that the property of the Hancock estate is subject to a right in favor of anybody else.

Of course, I must refuse that point, because the evidence is plain and uncontradicted that by the opening of Allegheny avenue, a fact that is set forth in the plaintiffs' statement, the half of Allegheny avenue bounding on the property, for the taking of which the plaintiffs claim to recover damages, became subject to the right of way by the general public as a street, and, as I said, the question is whether property so situated is susceptible of any such valuation as would justify you in finding damages for plaintiffs. That is a question of fact for you.] [9]

Verdict and judgment for defendant.

The plaintiffs moved for a new trial, which was refused, THAYER, P. J., filing the following opinion:

As the plaintiffs' deed calls for the south line of Allegheny avenue as a boundary, it is very plain that they could not thereby claim an inch of ground beyond it if Allegheny avenue had not been opened. A grantee of land acquires no title in a plotted street until it is opened. The mere plotting of a street does not divest any man of his title, or add anything to any man's title. It operates, to be sure, as a notice to all owners upon the line of the contemplated street, not to place any buildings or erections in its path, and that if they do they will be allowed no damages for them when the street is opened. But until the street is opened, the title to the soil over which it is laid out remains precisely as it was before, and no new rights are acquired in consequence of it, except, indeed, as to a grantor who will be estopped by a grant of land, bounded by a plotted street, from depriving the grantee of the use of the street.

When the street is actually opened, then by the well settled law the title of an owner fronting upon it goes to the middle of it—to the filum viæ, but the ownership thus acquired is subject to the general right of passage over it, which is vested in the public at large at the very instant of the opening. So that the moment the bordering owner acquires his title to the soil, the public acquire their title to the user. As no part of the plaintiffs' ground was taken for the street when it was opened, but another person's ground, it is not a little difficult to see how they were injured by the opening, for it was only by the opening that they acquired their title to the soil to the middle of the street. Had it not been opened, they would have acquired nothing in the soil, which would in that event have continued in the grantor. Nevertheless, as it seems to have been held in Lehigh Street, 81* Pa. 85—a somewhat apocryphal volume—that a party may technically claim damages for such an opening, the jury being left to be the judges of the extent of his damages, that case was accordingly strictly followed in the trial of this case, it being left to the jury to say what damages the plaintiffs had sustained. They naturally found that they had sustained no damages whatever, their land being worth as much after the opening as before, and we see no reason to disturb such a sensible verdict. Rule refused.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–9) above instructions, quoting them.

*Henry J. Hancock*, for appellants.—In the absence of title papers a lot bounded by a street extends to the middle of it: Grier v. Sampson, 27 Pa. 183.

Witnesses cannot testify as to the legal effect of instruments: Northumberland Co. v. Clement, 95 Pa. 126.

Under the authorities in this state and elsewhere the bounding of a lot on a street is held not to be a dedication of the street to public use: In re Brooklyn, 118 Pa. 640; Wayne Ave., 124 Pa. 135; Talbott v. Richmond & D. R. R., 31 Grattan, 685.

The appellants contend the case in hand should be governed by In re Lehigh Street, which is exactly on all lines with it: Lehigh Street, 81* Pa. 85.

The grantee of a town lot abutting on a street opened to public use takes a fee to the center thereof, although the descrip-

tion adopts the sides of the streets as the boundary: Union Burial Ground v. Robinson, 5 Wharton, 18; Cox v. Freedley, 33 Pa. 127; Bissell v. N. Y. Central R. R., 23 N. Y. 61; Paul v. Carver, 24 Pa. 207; Brooklyn Street, 118 Pa. 640; Wayne Ave., 124 Pa. 135; Pearl Street, 111 Pa. 565; Wagner v. Salzburg Twp., 132 Pa. 646; Evans v. Borough, 162 Pa. 561; Baker v. Chester Co. Gas Co., 73 Pa. 116; Ferguson's App., 117 Pa. 446; Falls v. Reis, 74 Pa. 439; Devlin v. Welsh, 1 W. N. C. 509; Ott v. Kreiter, 110 Pa. 370; Trutt v. Spotts, 87 Pa. 339; Kohler v. Klexbenger, 5 Al. 750.

*F. L. Wayland* and *John L. Kinsey*, for appellee, were not heard, but cited in their printed brief: Whitaker v. Phœnixville Borough, 141 Pa. 327; Dobson v. Hohenadel, 48 Pa. 367; Gamble v. Philadelphia, 162 Pa. 413; Blien v. Daubenspreck, 169 Pa. 282.

PER CURIAM, April 13, 1896:

The assignments of error to the admission of the testimony are without merit and are not sustained. The only claim for damages which the plaintiffs could possibly have under our decision in the case, In re Lehigh Street, 81* Pa. 85, was submitted to the jury, and by them decided against the plaintiffs. As to other matters involved in the cause, the opinion of the learned court below on the motion for a new trial is entirely satisfactory to us and for the reasons there stated we affirm the judgment.

Judgment affirmed.