# Carroll v. Asbury, Appellant.

*Deed—Streets—Highways—Plan of lots—Vacation of street—Road law—Injunction—Equity.*

When an owner of land subdivides it into lots and lays out streets, alleys or courts for the accommodation of the lots, the purchasers of lots acquire a right of property, appurtenant to the lots, in the use of the streets, alleys or courts, without regard to whether any right is by the plotting and conveyance vested in the public.

When a street is located by the municipal authorities over the lands of a private owner, but not opened, and the owner in conveying adjoining property, calls for the street as a boundary, such a call does not operate as a dedication of the street to public use as a highway, but the grantee acquires, as against his grantor and those claiming under him, a right of free passage over the land covered by the location of the street.

The right of a grantee, and those who claim under him, to have a street upon which his deed calls for a frontage kept open as a way appurtenant to his land is, as against his grantor, entirely distinct from and independent of the right of citizens generally to use the public highways of a municipality.

Where an owner of land lays out lots and streets thereon, and one of the streets is placed on the city plan as a public highway and thereafter the street is vacated by the public authorities, the original owner of the land cannot as against the grantees of his lots or their successors in title, claim absolute ownership in the bed of the street vacated, and exclude the lot owners and others from its use. The right of the lot owners can only be lost by adverse user or by proof of facts which constitute an estoppel. The remedy by injunction is the proper one for the enforcement of their rights.

Argued Dec. 15, 1904. Appeal, No. 180, Oct. T. 1904, by defendants, from decree of C. P. No. 1, Phila. Co., June T., 1903, No. 2650, on bill in equity in case of William G. Carroll v. T. Henry Asbury and Charles W. Asbury. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction. Before BRÉGY, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was the decree of the court.

*E. Clinton Rhoads*, for appellant.—Equity will not enforce a restrictive easement when the circumstances and conditions have so changed that the enforcement would be inequita-

ble: Duke of Bedford v. British Museum, 2 Mylne & Keen, 552; Trustees of Columbia College v Thatcher, 87 N. Y. 311; Murdfeldt v. New York, etc., Ry. Co., 102 N. Y. 703 (7 N. E. Repr. 404); Clarke v. R. R. Co., 18 Barbour, 350; Jackson v. Stevenson, 156 Mass. 496 (31 N. E. Repr. 691); Orne v. Fridenburg, 143 Pa. 487.

The plaintiff does not have the clear right which justifies the intervention of a court of equity: Washburn's App., 105 Pa. 480; Wood v. McGrath, 150 Pa. 541; O'Neil v. McKeesport, 201 Pa. 386.

When a municipality replots a section of a city, it operates as a vacation of streets omitted, and destroys private rights in such streets: Wetherill v. Penna. R. R. Co., 195 Pa. 156; Bornot v. Bonschur, 202 Pa. 463; Carpenter v. Penna. R. R. Co., 195 Pa. 160; Morris v. Philadelphia, 199 Pa. 357.

*E. W. Magill*, of *Alexander & Magill*, with him *Ruby R. Vale*, for appellee.—The general language of the deed to Mr. Carroll amounts to a covenant that the streets as laid out on Mr. Asbury's plot were then opened to public use, and that the privileges and benefits incident to streets were a part of the ways belonging and appertaining to the lot conveyed to Mr. Carroll by Asbury: Trutt v. Spotts, 87 Pa. 339; Wickham v. Twaddell, 25 Pa. Superior Ct. 198.

The reference to the plan of T. Henry Asbury, and filed by him, contained in the deed to Mr. Carroll, has the effect of making that plan a material part of the deed, and this constitutes a dedication of the streets and alleys laid down upon the said plan to the use of Carroll and the public generally as a public way: Wickham v. Twaddell, 25 Pa. Superior Ct. 188: Richardson v. McKeesport, 18 Pa. Superior Ct. 199: Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Birmingham Boro. v. Anderson, 48 Pa. 253; Ferguson's App., 117 Pa. 426; Fereday v. Mankedick, 172 Pa. 535; McCall v. Davis, 56 Pa. 431.

The lots having been sold to Carroll by reference to a plan which shows it to be on Lakeside avenue as there plotted, implies the grant of covenant on the part of Asbury to Carroll that Lakeside avenue as there laid out shall be forever opened to the use of the public and operates as a dedication of Lakeside avenue as plotted to public use; and after the formal ac-

ceptance of the plan by the city and the use by the public of Lakeside avenue, neither Asbury nor his successors in title can afterward revoke the dedication : In re Pearl Street, 111 Pa. 565; Brooklyn Street, 118 Pa. 640; Smith v. Union Switch and Signal Co., 17 Pa. Superior Ct. 444.

We respectfully submit that while equity will not interfere to restrain the disturbance of a right of way, or the use thereof, where the claim is doubtful, until the right has first been established by an action of law, yet if a right of way is clear and undisputed or admitted, it need not be first established by a suit at law to entitle the plaintiff to an injunction against interference, and in such action it seems unnecessary that special damages shall be proved : Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Hacke's App., 101 Pa. 245; Ferguson's App., 117 Pa. 426; Fereday v. Mankedick, 172 Pa. 535.

There is not a word in the findings of fact by the learned chancellor below, nor is there anything in the testimony to indicate that there has been any change whatever either in the condition of the property affected or in the situation of the parties, other than that change naturally resulting from the act of vacation on the part of the city, and the subsequent illegal acts on the part of the appellants, to prevent which the appellee was compelled to seek relief in a court of equity by this action.

OPINION BY PORTER, J., May 17, 1905 :

The numerous specifications of error in this case all go to the conclusions of law; no one of the findings of fact by the learned judge of the court below is directly challenged.   There was no conflict of evidence as to the facts, and it is difficult to see how there could have been, for every fact material to the rights of the parties under the issue presented to the court below was distinctly averred by the plaintiff in his bill, and by the defendants in their answer expressly admitted to be true.

T. Henry Asbury being the sole owner of a large tract of land, in the year 1889, caused a plan of said property to be made, on which were laid out lots and streets.   Among the streets was Lakeside avenue of the width of fifty feet, beginning at a point on the westerly side of Cheltenham avenue and extending westerly to Twelfth street.   Some time between

October 14, 1889, and May 20, 1893, he actually opened upon the ground a number of streets so plotted and laid out on said plan, " and in accordance with the lines, courses and distances shown thereon, and among said streets, lanes and alleys so opened, he, the said T. Henry Asbury, laid out and opened for public use and for the use of himself and the purchasers of plots or pieces of ground facing or fronting thereon, the said Lake side avenue.from Cheltenham avenue in a southwesterly and westerly course to Twelfth street," and said street was used by the public, as and for a street or highway, until the defendants attempted to close it under the circumstances hereinafter stated.   T. Henry Asbury, on May 20, 1893, sold and conveyed to the plaintiff a lot upon said plan, the deed calling for a frontage on Lakeside avenue, and referring to the plan of lots.   It was subsequently discovered that this lot did not front on Lakeside avenue, and Asbury conveyed to the plaintiff, on October 30, 1893, a small lot lying between the land covered by the former deed and Lakeside avenue, as then actually opened and in use upon the ground; this latter deed calling for a frontage of 157 feet, four inches on Lakeside avenue.   " At the time of the purchase by plaintiff from the defendant of the several lots or pieces of ground (described in the bill), the said Lakeside avenue as laid out on the plan of lots of the said T. Henry Asbury, and as opened by him for public use, was in use as a highway."   " The board of surveys of the city of Philadelphia, in February, 1895, duly acting under authority of an ordinance, made, adopted and confirmed a plan, . . . . known as plan No. 249, which said plan as made and adopted by the board of surveys as aforesaid, had plotted thereon the said Lakeside avenue as a public street or highway of the width of fifty feet, on the lines, or substantially the same lines, aforesaid, as shown by the plan of lots of T. Henry Asbury."   The board of surveys, on November 4, 1901, by authority of an ordinance approved March 27, 1901, revised and changed the lines of certain streets on plan No. 249, and in so revising said plan omitted and vacated, as a public highway, that part of Lakeside avenue, as located by the Asbury plan, from a point beginning at the southeasterly side of plaintiff's property and extending easterly to Cheltenham avenue.   T. Henry Asbury conveyed to Charles W. Asbury in April, 1896,

the property lying between the lot of the plaintiff and Cheltenham avenue and fronting on Lakeside avenue; and thus the latter became interested in and a party to this contest. After the municipal authorities had omitted the part of Lakeside avenue in question from the city plan, and thus deprived it of its character as a highway for which the municipal authorities were responsible, the defendants asserted an absolute owner-- ship of the land covered by that part of the street, free and discharged from any right or easement appurtenant to the land of the plaintiff, and were about to build a fence or plant a hedge across the street at the time this bill was filed.

The facts above recited are conclusively established by the pleadings, and it is in vain to speculate about there being any uncertainty as to the exact location of Lakeside avenue, or to inquire whether there was an apparent variance between the lines of the original Asbury plan and the street fifty feet wide as actually located upon the ground. The bill avers and the answer admits that, at the time plaintiff purchased, Lakeside avenue had been opened upon the ground as "plotted and laid out on said plan and in accordance with the lines, courses and distances shown thereon;" and that the lines adopted by the municipal authorities, in plan No. 249, were substantially the same as those shown by the Asbury plan. There is no question as to the exact location of Lakeside avenue upon the ground and its existence as a visible physical monument at the time plaintiff purchased, and in determining the rights which arose under the contract, as between the parties and under these pleadings, that location must govern.

The learned judge of the court below was called upon to deal with the rights arising out of undisputed facts, and if the plaintiff had a clear legal right to have Lakeside avenue remain open as a way appurtenant to his land, his right to the decree entered in this case followed as a necessary consequence. When an owner of land subdivides it into lots and lays out streets, alleys or courts for the accommodation of the lots, the purchasers of lots acquire a right of property, appurtenant to the lots, in the use of the streets, alleys or courts, without regard to whether any right is by the plotting and conveyance vested in the public: Kirkham v. Sharp, 1 Wharton, 323; Cope v. Grant, 7 Pa. 488; and when a street is located by the

municipal authorities over the lands of a private owner, but not opened, and the owner in conveying adjoining property calls for the street as a boundary, such a call does not operate as a dedication of the street to public use as a highway, but the grantee acquires, as against his grantor and those claiming under him, a right of free passage over the land covered by the location of the street: Opening of Brooklyn Street, 118 Pa. 640; Whitaker v. Phoenixville Borough, 141 Pa. 327; Gamble v. Philadelphia, 162 Pa. 413; Hancock v. Philadelphia, 175 Pa. 124. The right of a grantee, and those who claim under him, to have a street upon which his deed calls for a frontage kept open as a way appurtenant to his land is, as against his grantor, entirely distinct from and independent of the right of citizens generally to use the public highways of a municipality.

When Asbury caused a plan to be made of his property in the city of Philadelphia, actually opened Lakeside avenue upon the ground according to the plan, and conveyed to the plaintiff a lot by a deed referring to the plan, and calling for a frontage upon Lakeside avenue, this constituted a dedication of the street to public use, but such dedication would not make the street a public highway until it was by the public accepted as such. The right which the plaintiff acquired to use the street was not, however, dependent upon the acceptance or rejection by the public of the dedication. He took from his grantor, by implied convenant, the right to have the ground over which the street was located left open forever, that all persons might use it. This right is founded in the contract of the parties, will pass to those who succeed to the plaintiff's title, and it is not within the power of the original grantor nor of his subsequent grantee to abridge that right: Schenley v. Allegheny, 36 Pa. 29 and 62; Birmingham Borough v. Anderson, 48 Pa. 253; Commonwealth v. Moorehead, 118 Pa. 344; Ermentrout v. Stitzel, 170 Pa. 540; Quicksall v. Philadelphia, 177 Pa. 301; In re Melon Street, 182 Pa. 397; Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 194; Witman v. Smeltzer, 16 Pa. Superior Ct. 285; Fereday v. Mankedick, 172 Pa. 535. Asbury had laid out and opened the street upon his own land, and his deed to Carroll, in addition to the cove-

nants necessarily implied as between the parties and those claiming under them respectively, incidentally involved a tender to the public of an easement for the street as a public highway, with the right to make laws and ordinances, as to the manner in which this public street should be used; but Carroll was a purchaser, for himself and his grantees, by implied covenant from his grantor, of the private right to have the street left open forever, as a way appurtenant to his lot. The public might reject or accept, or having accepted might renounce, the public right involved in the transaction, but the action of the public could not change the private rights of the parties created by their own contract, as between themselves and those claiming under them : Seventeenth Street, 1 Wend. 262; Lewis Street, 2 Wend. 472 ; Livingston v. Mayor of New York, 8 Wend. 85; Alden v. Murdock, 13 Mass. 256; Moale v. Mayor of Baltimore, 5 Maryland, 314; Tinges v. Mayor of Baltimore, 51 Maryland, 600 ; Parker v. Framingham, 49 Mass. 260 ; New Orleans v. United States, 35 U. S., 662 and 720 : In re Melon Street, 182 Pa. 397 ; Quicksall v. Philadelphia, 177 Pa. 301 ; Wickham v. Twaddell, 25 Pa. Superior Ct. 188 ; Dovaston v. Payne, 2 Smith's Leading Cases, 142, note 8 edition ; Canal Co. v. Hall, 1 Manning & Granger, 392 ; Brownlow v. Tomlinson, 1 Manning & Granger, 484.

When a covenant in a deed involves a mere restriction upon the uses to which the owner of property may devote it, without vesting in the owner of the dominant tenement a right to enter upon and use the servient tenement for any purpose, the condition and surroundings of the property may so change that an insistence upon the restriction would become inequitable, and a court of equity would refuse its assistance to specifically enforce the covenants : Duke of Bedford v. Trustees of British Museum, 2 Mylne & Keen, 552; Orne v. Fridenburg, 143 Pa. 487. A right of way appurtenant to lands necessarily involves the right to enter upon and use the lands subject to the easement, and where the existence of the legal right is clearly shown, it can only be lost through an adverse user, which amounts to a denial of the right, or proof of facts which constitute an estoppel. There was in this case no question as to the right of the plaintiff, nor was there any ground for holding him estopped to assert his right     The

354, (1905).]                    Opinion of the Court.

right being clear, the remedy by injunction is the proper one for its enforcement: Weaver v. Getz, 16 Pa. Superior Ct. 418; Smith v. Union Switch & Signal Co., 17 Pa. Superior Ct. 444; Ferguson's Appeal, 117 Pa. 426; Fereday v. Manke-dick, 172 Pa. 535; Hacke's Appeal, 101 Pa. 245; Manbeck v. Jones, 190 Pa. 171.

The decree is affirmed and appeal dismissed at costs of the appellants.