## Moore *v.* Coal Township, Appellant.

*Road law—Townships—Illegal cutting of trees—Opening of streets.*

A township of the first class will not be liable in damages to the owner of trees cut down by one of the supervisors of the township in opening a supposed street, where it appears that the supervisor was not authorized to cut down the trees by the township council, that the street in question was a mere paper street shown on a plan of lots never recorded, and that neither the owner of the land had opened the street, nor the public authorities had ever accepted it as a highway.

Argued Oct. 28, 1913. Appeal, No. 25, Oct. T., 1913, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1912, No. 182, on verdict for plaintiff in case of John C. Moore v. Coal Township. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for cutting down trees. Before MOSER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $448.61.

*Errors assigned* amongst others were various instructions.

*J. A. Welsh,* with him *S. L. Gribbin* and *John I. Welsh,* for appellant.—The inhabitants of a township whose interests must be protected have a right to the counsel and judgment of all to whom such trusts are committed: Union Township v. Gibboney, 94 Pa. 534.

Supervisors have no authority to decree a public road, the act of assembly prescribes the manner in which public roads shall be laid out and become a charge on the townships in which they are located: Penna. Canal C. v. Shirley & Union Twps., 18 W. N. C. 397; Holden v. Cole, 1 Pa. 303; McMurtrie v. Stewart, 21 Pa. 322; VanBuskirk v. Dawley, 91 Pa. 423.

*Charles C. Lark,* for appellee.—The board of commissioners acts through its duly authorized supervisor. The acceptance of Laurel street may be shown either by ordinance or by repairs to the street and work done thereon: Kennedy v. Williamsport, 11 Pa. Superior Ct. 91; Grace v. Twp., 51 Pa. Superior Ct. 399.

OPINION BY ORLADY, J., February 20, 1914:

It is conceded that the plaintiff is the owner of a lot of ground in the village of Edgewood, a suburb of Shamokin, in Coal township, which fronts on Arch street, and extends back to Water street. On its western side is Laurel street, twenty feet in width. Water and Arch streets are parallel highways duly opened and in public use. Laurel street south of Arch street is an opened and used public street; but between Arch and Water streets, Laurel street is but a paper street on a section of a map offered in evidence by the plaintiff, and it was not shown that the plan had been recorded, or that the street had been located and laid out by the owner of the land, or by any lawful authority, nor had it ever been accepted by the defendant township as a public highway.

Coal township in Northumberland county is one of the incorporated townships of the first class of the commonwealth, and its municipal affairs are directed and controlled by a board of eleven commissioners. By Act of April 28, 1899, P. L. 104, all the corporate power, authority and franchise of the township is vested in and exercised by the board of township commissioners, and by the statute, it is provided that the said board shall have particularly the following powers (as amended by Act of May 24, 1901, P. L. 297), "1st, to open, grade, construct and pave all public highways in the township which shall or may be at any time laid out by lawful authority, and to keep the same in good order and repair."

Two supervisors of highways are elected in the town-

ship, and their duties are clearly defined by an 'ordinance of the board of commissioners adopted May 21, 1907, viz.: "They (the supervisors), shall do and perform all such duties, acts and services relating to the public highways as shall from time to time be required of them by the board." In April, 1912, Geo. W. Dornbach, one of the supervisors of the township, without the consent, knowledge or authority of the township commissioners, took it upon himself to open Laurel street between Arch and Water streets. To make the road passable he decided that it was necessary to cut down and remove a number of trees within the lines of the supposed street, and in doing so he crossed the line of Mr. Moore's lot and cut down and removed therefrom five oak trees. The Moore lot was vacant and uninclosed at that time, and there was nothing to indicate either the line of the plaintiff's lot,' or that of Laurel street. A recovery was had in plaintiff's favor; the township appeals, the argument being here, as it was in the court below, that the township was not liable for the unlawful and unauthorized act of one of the supervisors.

This supervisor testified: "The object of cutting down the trees was to get them out of the road. I assumed the street was through there, and I opened up the passageway for the teams, and also to get the posts for the Tilverton Road. All general repairs are carried on according to that system; and when such work as grading a street or something substantial is set forth, it is done absolutely by the board. All repair work I have done. We have made it a custom to do the work under the system as I said. I had been in consultation with one of the commissioners in reference to cutting down the trees on Laurel street, and digging away some of the ground on that street prior to doing this work. I did not have charge of new work, that is, opening up roads, the building of sewers or anything of that kind. I was never directed by the commissioners at their meeting,

or by a majority of them at any time. I was never authorized to go out there and get any posts. If I waited for special authority for repairs there wouldn't be anything done in our end of Coal township. They never authorized me to open up the street."

This supervisor frankly admits that he had no authority to act for the board of commissioners, and that he substituted his own judgment as to the propriety and necessity for opening this street, for their deliberate action. The opening of highways is one of the most important duties entrusted to the commissioners, and the inhabitants of the township whose interests must be protected are entitled to the counsel and judgment of all to whom such trusts are committed. Their duties are clearly defined by the acts of assembly, and can be delegated to a supervisor or any other employee only in strict obedience to their statutory authority, and after proper action by the board of commissioners, as such. The direction of one of the commissioners conferred no such authority on him, and the volunteer act of anyone, in attempting to do such work in the name of the township is not binding on the township, and is as invalid in this respect as it is lawless. Nothing in this record suggests any precedent authority for this trespass by this supervisor. He admits that he acted on his own initiative, and is alone liable.

The court below refused a new trial for the reason that under authority cited, "When an owner of land sells and conveys lots according to a plan which shows them to be on a street or alley, this creates an implied covenant of the existence of the street or alley and operates as a dedication to public use, and the owner must be held to have stamped upon them the character of a public street, and sufficient to prove a dedication of the street to public use. This is begging the question, as these authorities are not at all applicable to the facts of this case, there being here an entire lack of evidence of there being such a plan or dedication, or use of any

kind (Washington Borough v. Steiner, 25 Pa. Superior Ct. 392; Carroll v. Asbury, 28 Pa. Superior Ct. 354), or authority to act for the board of commissioners: Smith v. Township, 35 Pa. Superior Ct. 507.

There was no evidence to show that the supervisor cut these trees—within the lines of the paper street and within the lot lines in the discharge of any official duty. Nor is this even claimed, as he admits that he had no such authority. Hence the township could not be liable for the unauthorized act of the supervisor, which he was not employed or directed to do; which was in excess, and independent of his authority, and which was never ratified by the commissioners. The jury should have been directed that "Under all the evidence in the case the verdict must be for the defendant."

The judgment is reversed.