## Commonwealth v. Shubin Building Company

*J. Stroud Weber*, assistant district attorney, for Commonwealth.

*Elmer L. Menges*, for township.

*Morris Gerber*, of *Wisler, Pearlstine, Talone & Gerber*, for defendants.

DANNEHOWER, J., August 4, 1948.—This prosecution was initiated by the filing of an information against defendants by the secretary of the Board of Commissioners of Upper Dublin Township. The in-

formation charged that defendants violated section 3 of Upper Dublin Township Ordinance No. 6, adopted April 9, 1946. The relevant portion of section 3 of the ordinance in question provides as follows:

"It shall be unlawful for any person, firm or corporation to construct, open or dedicate any road, street, lane or common driveway, or any drainage facilities in connection therewith, for public use or travel, or to stop, fill up, confine, pave or otherwise interfere with or change the course of any drain, ditch, stream or water course in the Township of Upper Dublin without first obtaining from the Board of Commissioners of Upper Dublin Township a construction permit authorizing such work to be performed; and no road, street, lane or common driveway, or drainage facilities in connection therewith, shall be constructed, opened or dedicated, and no drain, ditch, stream or water course shall be stopped, filled up, confined, paved or otherwise interfered with, or the course thereof changed, except in strict accordance with the terms and conditions of such permit, and with the plans, specifications and other documents submitted with the application for said permit."

Although the record fails to show the issuance of a warrant, a hearing was held before a justice of the peace. Defendant Galen was discharged because there was no service of process upon her. Defendant Lowery was discharged because of lack of evidence against him. Shubin Building Company appeared through its president, Max B. Shubin, and at the conclusion of the hearing, corporate defendant, although there was no specific finding of its guilt, was fined $300 and ordered to pay the costs.

Corporate defendant, which will hereinafter be referred to as defendant, then petitioned this court to allow an appeal from the summary conviction. This court, in an opinion by President Judge Knight, re-

ported in 64 Montg. 121 (1948), allowed the appeal on the ground that a doubtful question of law existed.

Thereafter, a hearing de novo was held before the writer of this opinion. Few, if any facts in addition to those before the court on the petition for allowance were adduced. We shall refer to the facts but briefly, as they are set out in considerable detail by Judge Knight in his opinion above referred to.

The prosecution bases its contention that defendant violated the ordinance on three acts: (1) The acknowledgment and recording of a plan, bearing the approval of the commissioners, showing the "road" in question as a 50-foot-wide strip marked "Reserved for future road"; (2) a deed from Galen and defendant to one Janton and wife on October 1, 1947, describing the lot as extending in width to the middle of "a fifty foot road" and containing a clause granting the use of the road in common with other abutting owners, "subject to the proportionate expense of keeping said road in good order and repair"; (3) a similar deed dated August 19, 1947, to one Marcer and wife, likewise referring to the same "fifty feet wide road", and containing an identical grant of an easement.

There are two other deeds in evidence from defendant to Joseph S. Lowery, one of which not only grants an easement over the road, but describes it by metes and bounds. In the earlier of these two deeds, grantor expressly reserves "the right to extend the use of the within mentioned Fifty feet wide private road by grant, bargain, sale or otherwise". Both deeds subject grantees to proportionate expense of maintaining the road. Under these circumstances, can it be held that defendant opened or dedicated a road without first obtaining township approval of a plan or survey and a construction permit under the ordinance?

In supporting the affirmative of this proposition, counsel for the complaining township has conceded

that where dedication is involved, the intention of the owner is the decisive factor. In his brief, he argues that where an owner of land has laid it out in lots and streets, and leases or sells the lots, describing them as being bounded by certain streets, the streets become dedicated to public use. The case of Carroll v. Asbury, 28 Pa. Superior Ct. 354 (1905), is cited in support of that contention. However, in that case, it was an undisputed fact that the street in question had been "laid out and opened for public use and for the use of himself and the purchasers of plots" abutting thereon. Such is not the fact in this case. Nor is the case of Schenley v. Commonwealth, 36 Pa. 29 (1859), cited by township counsel, controlling, for there it clearly appears (see page 58) that the street in question had been laid out and opened as a public street, and that it had been traveled and used as a public street without interruption for more than 25 years.

The intention of defendant to maintain the road as a private road has been manifested in two ways. First, he has imposed upon the abutting owners the burden of contributing a proportionate share of the cost of maintenance; second, he has in conveyances referred to it as a private road, and has reserved the right to extend its use by grant, bargain, sale or otherwise. No clearer expression of intention could be made. Therefore, we find that there has been no opening or dedication of any road, street, lane, or common driveway for public use or travel so as to violate section 3 of Ordinance No. 6 of Upper Dublin Township, adopted April 9, 1946.

And now, August 4, 1948, for the reasons given in the foregoing opinion, defendant's appeal from summary conviction is sustained, defendant is found not guilty, and the costs are directed to be paid by the Township of Upper Dublin.